UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMPSON PRODUCTS, INC., a Delaware corporation, Plaintiff, v. GLENN THOMPSON and THOMPSON ENTERPRISES, INC., Defendants. | C.A. No. 05-11810-RGS |

### DEFENDANTS' ANSWER TO COMPLAINT

Defendants, Glenn Thompson and Thompson Enterprises, Inc., answer the correspondingly numbered paragraphs of plaintiff Thompson Products, Inc.'s ("TPI") Complaint as follows.

### FIRST DEFENSE

1.-2.    Defendants admit the allegations contained in paragraphs 1 and 2 of the Complaint.

3.    In response to paragraph 3 of the Complaint, defendants admit that Thompson Enterprises, Inc. was incorporated in the State of Rhode Island on July 18, 2005, that its initial registered office was 330 Rumstick Road in Barrington, Rhode Island, and that Glenn Thompson was its Registered Agent. In further response to paragraph 3, defendants state that the corporate name is now Splash Creations Inc. Defendants deny all other allegations contained in paragraph 3.

4.    In response to paragraph 4 of the Complaint, defendants admit that this Court has diversity jurisdiction over this action but deny that plaintiff is entitled to any relief whatsoever.

5.	Paragraph 5 of the Complaint consists of legal conclusions, as to which no response is required.

### Facts

6.-15.	Defendants deny the allegations contained in paragraphs 6 through 15 of the Complaint.

16.	In response to paragraph 16 of the Complaint, defendants admit that Glenn Thompson, James Conlon and Victor Kiarsis constituted the duly-appointed Board of Directors of Thompson Products, Inc. as of April 2003. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 16.

17.-18.	Defendants deny the allegations contained in paragraphs 17 and 18 of the Complaint.

19.	Defendants admit the allegations contained in the first sentence of paragraph 19 of the Complaint. Defendants deny the allegations contained in the second sentence of paragraph 19, and further state that the corporation's legal counsel, Cameron Read, was asked during that meeting whether the proposed employment agreement, if executed by Kiarsis, Conlon and Thompson, would be valid and enforceable, and he stated that it would be. Defendants deny the allegations contained in the third sentence of paragraph 19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph 19.

20.	Defendants deny the allegations contained in paragraph 20 of the Complaint.

21.	Defendants admit that Glenn Thompson did not sign the employment agreement on the day of the April 2003 Board meeting, but defendants deny the remaining allegations contained in paragraph 21.

22.-23.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 22 and 23 of the Complaint.

24.-27.   Defendants deny the allegations contained in paragraphs 24 through 27 of the Complaint.

28.   In response to paragraph 28 of the Complaint, defendants admit that on July 18, 2005, Glenn Thompson was the incorporator, registered agent and sole shareholder of Thompson Enterprises, Inc. (now Splash Creations Inc.), which is engaged in the sale of photo albums. Defendants deny the remaining allegations contained in paragraph 28.

29.-33.   Defendants deny the allegations contained in paragraphs 29 through 33 of the Complaint.

### Count I
### (Injunctive Relief)

34.   Defendants incorporate their answers to paragraphs 1 through 33 as if stated fully herein.

35.-38.   Defendants deny the allegations contained in paragraphs 35 through 38 of the Complaint.

Defendants deny that plaintiff is entitled to any of the relief sought in its prayer for relief.

### Count II
### (Breach of Contract)

39.   Defendants incorporate their answers to paragraphs 1 through 33 as if stated fully herein.

40.-41.   Defendants deny the allegations contained in paragraphs 40 and 41 of the Complaint.

Defendants deny that plaintiff is entitled to any of the relief sought in its prayer for relief.

### Count III
### (Breach of Fiduciary Duty)

42.   Defendants incorporate their answers to paragraphs 1 through 33 as if stated herein.

43.-44.   Defendants deny the allegations contained in paragraphs 43 and 44 of the Complaint.

Defendants deny that plaintiff is entitled to any of the relief sought in its prayer for relief.

### Count IV
### (Accounting)

45.   Defendants incorporate their answers to paragraphs 1 through 33 as if stated fully herein.

46.-48.   Defendants deny the allegations contained in paragraphs 46 through 48 of the Complaint.

Defendants deny that plaintiff is entitled to any of the relief sought in its prayer for relief.

### Count V
### (Violation of M.G.L. c. 93A § 11)

49.   Defendants incorporate their answers to paragraphs 1 through 33 as if stated fully herein.

50.   The allegations in paragraph 50 state a legal conclusion as to which no response is required.

51.   In response to paragraph 51 of the Complaint, defendants admit that Splash Creations Inc. is engaged in the sale of photo albums. Defendants deny the remaining allegations contained in paragraph 51.

52.-54.   Defendants deny the allegations contained in paragraphs 52 through 54 of the Complaint.

Defendants deny that plaintiff is entitled to any of the relief sought in its prayer for relief.

4

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

Plaintiff is estopped from asserting some or all of its claims.

## FOURTH DEFENSE

Plaintiff has waived some or all of its claims.

## FIFTH DEFENSE

Plaintiff ratified some or all of the conduct that it now seeks to challenge.

## SIXTH DEFENSE

Plaintiff's claims in Count V are outside the scope and reach of M.G.L. c. 93A §11, and these claims should be dismissed.

## SEVENTH DEFENSE

Plaintiff's claims against defendant Glenn Thompson are barred in whole or in part by plaintiff's own articles of organization and by-laws.

## EIGHTH DEFENSE

Plaintiff's claims are barred in part due to its unclean hands.

## NINTH DEFENSE

Plaintiff's claims are barred in part by application of the business judgment rule and by defendant Glenn Thompson's good faith.

## TENTH DEFENSE

Plaintiff's claims are barred at least in part by laches and its acquiescence to conduct and events alleged in its Complaint.

Wherefore, defendants request that plaintiff's Complaint be dismissed and that defendants be awarded their costs and attorneys' fees incurred in defending against plaintiff's Complaint.

Respectfully Submitted,

GLENN THOMPSON AND THOMPSON ENTERPRISES, INC.

By their attorneys,

*Matthew Medeiros (By MLC)*

Matthew F. Medeiros (BBO #544915)
LITTLE MEDEIROS KINDER BULMAN & WHITNEY, PC
72 Pine Street
Providence, RI  02903
Tel:   (401) 272-8080
Fax:   (401) 272-8195

*Michael Chinitz*

Michael L. Chinitz (BBO # 552915)
ROSE & ASSOCIATES
29 Commonwealth Avenue
Boston, MA  02116
Tel:   (617) 536-0040
Fax:   (617) 536-4400

### Certification

I hereby certify that on this 26th day of September, 2005, I caused to be delivered by hand the within Defendants' Answer to Complaint to Terence P. McCourt, Esq. and Andrew T. Kang, Esq., Greenberg Traurig, LLP, One International Place, Boston, MA  02110, and a copy was also sent via overnight mail to Sandy Tucker, Esq., Williams Mullen, A Professional Corporation, Two James Center, 1021 East Cary Street (23219), Richmond, VA 23218-1320.

*Michael Chinitz*

6