UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2005 OCT 13  A 11: 40

U.S. DISTRICT COURT
DISTRICT OF MASS.

THOMPSON PRODUCTS, INC., )
a Delaware corporation, )
    Plaintiff, )
   )
v. ) C.A. No. 05-11810-RGS
   )
GLENN THOMPSON and )
THOMPSON ENTERPRISES, INC., )
    Defendants. )
   )

## DEFENDANTS' AMENDED ANSWER AND COUNTERCLAIM

### ANSWER

Defendants, Glenn Thompson and Thompson Enterprises, Inc., answer the correspondingly numbered paragraphs of plaintiff Thompson Products, Inc.'s ("TPI") Complaint as follows.

### FIRST DEFENSE

1. Defendants admit the allegations contained in paragraph 1 of the Complaint.

2. Defendants deny the allegations contained in paragraph 2 of the Complaint, except admit that defendant Glenn Thompson lives at 330 Rumstick Road, Barrington, Rhode Island, 02806.

3. In response to paragraph 3 of the Complaint, defendants admit that Thompson Enterprises, Inc. was incorporated in the State of Rhode Island on July 18, 2005, that its initial registered office was 330 Rumstick Road in Barrington, Rhode Island, and that Glenn Thompson was its Registered Agent. In further response to paragraph 3, defendants state that the corporate name is now Splash Creations Inc. Defendants deny all other allegations contained in paragraph 3.

4.	In response to paragraph 4 of the Complaint, defendants admit that this Court has diversity jurisdiction over this action but deny that plaintiff is entitled to any relief whatsoever.

5.	Paragraph 5 of the Complaint consists of legal conclusions, as to which no response is required.

### Facts

6.-15.	Defendants deny the allegations contained in paragraphs 6 through 15 of the Complaint.

16.	In response to paragraph 16 of the Complaint, defendants admit that Glenn Thompson, James Conlon and Victor Kiarsis constituted the duly-appointed Board of Directors of Thompson Products, Inc. as of April 2003. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 16.

17.-18.	Defendants deny the allegations contained in paragraphs 17 and 18 of the Complaint.

19.	Defendants admit the allegations contained in the first sentence of paragraph 19 of the Complaint. Defendants deny the allegations contained in the second sentence of paragraph 19, and further state that the corporation's legal counsel, Cameron Read, was asked during that meeting whether the proposed employment agreement, if executed by Kiarsis, Conlon and Thompson, would be valid and enforceable, and he stated that it would be. Defendants deny the allegations contained in the third sentence of paragraph 19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph 19.

20.	Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants admit that Glenn Thompson did not sign the employment agreement on the day of the April 2003 Board meeting, but defendants deny the remaining allegations contained in paragraph 21.

22.-23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 22 and 23 of the Complaint.

24.-27. Defendants deny the allegations contained in paragraphs 24 through 27 of the Complaint.

28. In response to paragraph 28 of the Complaint, defendants admit that on July 18, 2005, Glenn Thompson was the incorporator, registered agent and sole shareholder of Thompson Enterprises, Inc. (now Splash Creations Inc.), which is engaged in the sale of photo albums. Defendants deny the remaining allegations contained in paragraph 28.

29.-33. Defendants deny the allegations contained in paragraphs 29 through 33 of the Complaint.

### Count I
### (Injunctive Relief)

34. Defendants incorporate their answers to paragraphs 1 through 33 as if stated fully herein.

35.-38. Defendants deny the allegations contained in paragraphs 35 through 38 of the Complaint.

Defendants deny that plaintiff is entitled to any of the relief sought in its prayer for relief.

### Count II
### (Breach of Contract)

39. Defendants incorporate their answers to paragraphs 1 through 33 as if stated fully herein.

3

40.-41.   Defendants deny the allegations contained in paragraphs 40 and 41 of the Complaint.

Defendants deny that plaintiff is entitled to any of the relief sought in its prayer for relief.

### Count III
### (Breach of Fiduciary Duty)

42.   Defendants incorporate their answers to paragraphs 1 through 33 as if stated herein.

43.-44.   Defendants deny the allegations contained in paragraphs 43 and 44 of the Complaint.

Defendants deny that plaintiff is entitled to any of the relief sought in its prayer for relief.

### Count IV
### (Accounting)

45.   Defendants incorporate their answers to paragraphs 1 through 33 as if stated fully herein.

46.-48.   Defendants deny the allegations contained in paragraphs 46 through 48 of the Complaint.

Defendants deny that plaintiff is entitled to any of the relief sought in its prayer for relief.

### Count V
### (Violation of M.G.L. c. 93A § 11)

49.   Defendants incorporate their answers to paragraphs 1 through 33 as if stated fully herein.

50.   The allegations in paragraph 50 state a legal conclusion as to which no response is required.

51.    In response to paragraph 51 of the Complaint, defendants admit that Splash Creations Inc. is engaged in the sale of photo albums. Defendants deny the remaining allegations contained in paragraph 51.

52.-54.    Defendants deny the allegations contained in paragraphs 52 through 54 of the Complaint.

Defendants deny that plaintiff is entitled to any of the relief sought in its prayer for relief.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### THIRD DEFENSE

Plaintiff is estopped from asserting some or all of its claims.

### FOURTH DEFENSE

Plaintiff has waived some or all of its claims.

### FIFTH DEFENSE

Plaintiff ratified some or all of the conduct that it now seeks to challenge.

### SIXTH DEFENSE

Plaintiff's claims in Count V are outside the scope and reach of M.G.L. c. 93A §11, and these claims should be dismissed.

### SEVENTH DEFENSE

Plaintiff's claims against defendant Glenn Thompson are barred in whole or in part by plaintiff's own articles of organization and by-laws.

### EIGHTH DEFENSE

Plaintiff's claims are barred in part due to its unclean hands.

## NINTH DEFENSE

Plaintiff's claims are barred in part by application of the business judgment rule and by defendant Glenn Thompson's good faith.

## TENTH DEFENSE

Plaintiff's claims are barred at least in part by laches and its acquiescence to conduct and events alleged in its Complaint.

Wherefore, defendants request that plaintiff's Complaint be dismissed and that defendants be awarded their costs and attorneys' fees incurred in defending against plaintiff's Complaint.

## COUNTERCLAIM

Defendants counterclaim as follows against plaintiff.

1. Counterclaim-plaintiff Thompson Enterprises, Inc. (now named Splash Creations Inc.) is a Rhode Island corporation in good standing with its principal place of business in Rhode Island. Splash is in the business, among other things, of manufacturing, selling and importing photo albums.

2. Counterclaim-plaintiff Glenn Thompson is a Rhode Island resident and is the President and sole shareholder of Splash Creations Inc.

3. Counterclaim-defendant Thompson Products, Inc. ("TPI") is a Delaware corporation with its principal place of business in Massachusetts. It is in the business, among other things, of manufacturing, selling and importing photo albums.

4. TPI employs as a commission sales agent for the sale of photo albums an individual named Robert Jackson, a resident of Minnesota. Jackson's responsibilities for TPI include calling on certain mass market merchandisers to solicit photo album orders for TPI.

5. In or around September 2005, while communicating with a customer on behalf of TPI, Jackson made false, defamatory and disparaging statements about counterclaim-plaintiffs, including but not limited to the following:

   a) that counterclaim-plaintiff Glenn Thompson is operating the business of counterclaim-plaintiff Splash illegally;

   b) that counterclaim-plaintiffs will be forced to go out of business by the claims that TPI has asserted in this lawsuit;

   c) that TPI has an enforceable non-compete agreement with counterclaim-plaintiff Glenn Thompson; and

   d) that the customer should not do business with counterclaim-plaintiffs because this lawsuit will take years to resolve and Splash will not be able to ship any product in fulfillment of any orders that the customer might place with it.

6. At or around the time Jackson made those statements, counterclaim-plaintiffs had already had sales communications with that customer and had a reasonable expectancy of receiving photo album orders from that customer.

7. As a result of Jackson's statements, the customer has informed counterclaim-plaintiffs that it is reluctant to do business with counterclaim-plaintiffs even though it likes counterclaim-plaintiffs' products and personnel, because it does not want to get involved in TPI's lawsuit against counterclaim-plaintiffs.

8. TPI in all likelihood has made, or intends to make, similar statements to other prospective customers of counterclaim-plaintiffs.

Count I
(Tortious Interference with Prospective Advantageous Business Relationships)

9. Counterclaim-plaintiffs incorporate paragraphs 1 through 8 of this Counterclaim as if stated herein.

10. TPI knew, or should have known, that counterclaim-plaintiffs had a prospective contractual relationship with the customer in question.

11. In spite of that knowledge, TPI made the material misstatements in question as a wrongful and improper means and/or with an improper purpose of interfering with that prospective business relationship.

12. As a consequence of TPI's tortious conduct, counterclaim-plaintiffs have been damaged and will continue to be damaged.

## Count II
## (Defamation)

13. Counterclaim-plaintiffs incorporate paragraphs 1 through 8 of this Counterclaim as if stated herein.

14. TPI's statements regarding counterclaim-plaintiffs were false and defamatory.

15. TPI knew those statements were false or failed to exercise reasonable care to determine whether they were true or false.

16. As a consequence of TPI's tortious conduct, counterclaim-plaintiffs have been damaged and will continue to be damaged.

## Count III
## ( Lanham Act violation )

17. Counterclaim-plaintiffs incorporate paragraphs 1 through 8 of this Counterclaim as if stated herein.

18. TPI's statements were intended to, and did, deceive the customers in question, for the purpose of influencing them to buy TPI's products instead of those of counterclaim-plaintiffs.

19. Those statements constitute false advertising that is unlawful under §43 of the Lanham Act, 15 U.S.C. §1125(a).

## PRAYER FOR RELIEF

WHEREFORE, counterclaim-plaintiffs request that the Court enter judgment against TPI as follows:

      a)    order TPI to give an accounting of all sums it has received, will receive or anticipates receiving from the customers in question since the date of TPI's tortious statements;

      b)    award compensatory or restitutionary damages against TPI in an amount to be determined at trial;

      c)    award punitive damages against TPI in an amount to be determined at trial as required or allowed by law; and

      d)    award such other relief, including costs and attorney's fees, as the Court deems just and proper in the circumstances.

## JURY DEMAND

Counterclaim-plaintiffs demand a trial by jury of all issues so triable.

Respectfully submitted,

GLENN THOMPSON AND THOMPSON ENTERPRISES, INC.

By their attorneys,

*/s/ Matthew Medeiros (B/mcc)*
Matthew F. Medeiros (BBO #544915)
LITTLE MEDEIROS KINDER BULMAN &
 WHITNEY, PC
72 Pine Street
Providence, RI 02903
Tel:   (401) 272-8080
Fax:   (401) 272-8195

*/s/ Michael Chinitz*
Michael L. Chinitz (BBO # 552915)
ROSE & ASSOCIATES
29 Commonwealth Avenue
Boston, MA 02116
Tel:   (617) 536-0040
Fax:   (617) 536-4400

DATED: October 13, 2005

## Certification

    I, Lisa A. Tenerowicz of Rose & Associates, hereby certify that on this 13th day of October, 2005, I caused to be delivered by hand the within Defendants' Amended Answer and Counterclaim to Terence P. McCourt, Esq. and Andrew T. Kang, Esq., Greenberg Traurig, LLP, One International Place, Boston, MA 02110, and a copy was also sent via overnight mail to Sandy Tucker, Esq., Williams Mullen, A Professional Corporation, 1021 East Cary Street (23219) P.O. Box 1320, Richmond, VA 23218-1320.

_____ /s/ for MLC