IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMPSON PRODUCTS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CA No. 05-11810-RGS |
| | ) |
| GLENN THOMPSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MOTION TO DISMISS

Plaintiff Thompson Products, Inc. ("TPI"), by counsel, pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) and Local Rule 7.1, moves the Court to dismiss the Counterclaim of defendants Glenn Thompson ("Thompson") and Thompson Enterprises, Inc. ("Enterprises") for the reasons set forth in the accompanying memorandum.

                            **THOMPSON PRODUCTS, INC.**

                            By its attorneys,

                            /s/ Terence P. McCourt
                            Terence P. McCourt   (BBO #555784)
                            Andrew T. Kang     (BBO #637476)
                            GREENBERG TRAURIG, LLP
                            One International Place
                            Boston, MA  02110
                            Tel:  617.310.6000
                            Fax: 617.310.6001
                                and

                            Sandy T. Tucker
                            Monica McCarroll
                            WILLIAMS MULLEN, A PROFESSIONAL CORPORATION
                            1021 East Cary Street (23219)
                            Post Office Box 1320
                            Richmond, VA  23218-1320
                            Tel:  804.783.6418
                            Fax: 804.783.6507

DATED: November 2, 2005

## CERTIFICATE OF SERVICE

I, Terence P. McCourt, hereby certify that on the 2nd day of November, 2005, I served a copy of the foregoing by U.S. Mail to the following counsel of record:

Matthew F. Medeiros, Esq.
LITTLE MEDEIROS KINDER BULMAN & WHITNEY, P.C.
72 Pine Street
Providence, RI  02903

Michael S. Chinitz, Esq.
ROSE & ASSOCIATES
29 Commonwealth Avenue
Boston, MA  02110

/s/ Terence P. McCourt
Terence P. McCourt

1210047v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMPSON PRODUCTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CA No. 05-11810-RGS |
| ) | |
| GLENN THOMPSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Plaintiff, Thompson Products, Inc. ("TPI"), by counsel, pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) and Local Rule 7.1, has filed a Motion to Dismiss (the "Motion") the Counterclaim filed herein by Defendants Glenn Thompson ("Thompson") and Thompson Enterprises, Inc. ("Enterprises") (together, the "Defendants"). This memorandum is submitted in support of TPI's Motion.

### INTRODUCTION

TPI is a Delaware corporation in the business of manufacturing, selling and importing photo albums and related products. TPI's predecessor, Thompson Paper Box Co., Inc., was a family business started, developed and operated by defendant Thompson and other members of his family until 1997, when they sold its assets to TPI. Thompson remained with TPI as its President, director and shareholder until 2005.

This lawsuit arises out of Thompson's breach of various agreements with and duties to TPI. It is undisputed that Thompson resigned from his position as an officer, director and employee of TPI in July 2005. It also is undisputed that shortly after he resigned from TPI, Thompson formed Enterprises, a Rhode Island corporation. Thompson is the registered agent for

Enterprises and its sole shareholder.[1]  Upon information and belief, Enterprises was formed to compete directly with TPI and is now competing directly with TPI.  In its Complaint, TPI has alleged that Thompson is using or soon will be using TPI's confidential information and trade secrets to help Enterprises compete with TPI.  TPI has also alleged that Thompson and/or Enterprises have solicited TPI's employees to leave TPI and work for Enterprises.  Accordingly, TPI has sued Thompson for breach of contract, breach of fiduciary duty, injunctive relief, an accounting and for a willful violation of M.G.L. c. 93A § 11 (unfair competition).

In response to TPI's Complaint, Thompson and Enterprises filed Defendant's Amended Answer and Counterclaim.  Therein, they deny any wrongdoing and allege that TPI has (1) tortiously interfered with its prospective advantageous business relationships, (2) defamed Thompson and Enterprises, and (3) engaged in false advertising in violation of § 43 of the Lanham Act.  Defendants' Counterclaim is based wholly on statements allegedly made by Robert Jackson ("Jackson"), a TPI manufacturer's representative.

As set forth in detail below, Defendants fail to state a claim upon which relief can be granted.  Jackson is not an employee or agent of TPI.  Even assuming that he made the statements in question, which TPI denies, TPI cannot be held vicariously liable for his statements or actions, and the Counterclaim must be dismissed with prejudice.

## STANDARD OF REVIEW

When it is clear that "no relief could be granted under any set of facts that could be proved consistent" with a party's allegation, a court may dismiss a cause of action pursuant to FED. R. CIV. P. 12(b)(6).  *Hishon v. King & Spaulding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed.

---

[1] According to Defendants' Amended Answer and Counterclaim, Enterprises is now known as "Splash Creations, Inc." and is engaged in the sale of photo albums.

2

2d 80 (1957)). When reviewing the legal sufficiency of a party's cause of action, a court "must assume the truth of the material facts as alleged." *Davis v. Monroe County Board of Education*, 526 U.S. 629, 633, 119 S. Ct. 1661, 1666, 143 L. Ed. 2d 4329 (1999) (quoting *Summit Health, Ltd. v. Pinhas*, 500 U.S. 322, 111 S. Ct. 1842, 114 L. Ed. 2d 366 (1991)).

Generally, when a court considers a motion to dismiss, it confines its review to the pleading alone. However, when a pleading's factual allegations are linked to, and even dependent upon, a document outside that pleading, then that document can be made a part of the pleading and be properly reviewed with it under Rule 12(b)(6). *Beddall v. State Street Bank and Trust Co.*, 137 F.3d 12, 16-17 (1st Cir. 1998); *see also Coyne v. Cronin*, 386 F.3d 280, 286 (1st Cir. 2004); *Perry v. New England Business Service, Inc.*, 347 F.3d 343, 345, n.2 (1st Cir. 2003).

Here, Defendants base their Counterclaim on the allegation that Jackson is "a commission sales agent" employed by TPI. Counterclaim, ¶ 4. Jackson's relationship with TPI is, in fact, completely defined by a written Sales Agreement dated January 10, 2001 ("Agreement") and signed by Defendant Thompson on behalf of TPI. It is attached hereto as Exhibit A. By its very nature, this Agreement is inextricably linked to the allegations made in the Counterclaim. Therefore, the Agreement is properly attached to and read as an exhibit to the Counterclaim for purposes of this Motion. *See* Fed. R. Civ. P. 10(c).

## ARGUMENT

Defendants allege that "TPI employs as a commission sales agent for the sale of photo albums an individual named Robert Jackson, a resident of Minnesota." Counterclaim, ¶ 4. Defendants further allege that Jackson made certain false statements to an unnamed TPI customer about Thompson and his new business, Splash, including without limitation, that Thompson was operating Splash illegally, that Splash would be forced out of business by TPI's

3

lawsuit, that TPI has an enforceable non-compete with Thompson, and that the customer should not do business with Thompson or Splash because of the lawsuit. *Id.*, ¶ 5. Based on these alleged statements, Defendants claim that TPI has tortiously interfered with their prospective advantageous business relationships, that TPI has defamed them, and that TPI has violated the Lanham Act by deceiving their prospective customers. *Id.*, Counts 1 - 3.

The foundation of Defendants' Counterclaim is that TPI can and should be held vicariously liable for Jackson's alleged defamatory statements and other alleged negligent actions. This foundation is fundamentally flawed. As the Agreement shows on its face, Jackson individually has no business relationship with TPI. He is President of The Jackson Group, Inc., and it is that corporate entity with whom TPI has the business relationship that is relied upon by Defendants to assert vicarious liability. Agreement at 1. The Jackson Group is itself an independent contractor with TPI, not its employee or agent. Agreement at 2. Jackson, individually, therefore can be nothing more than an independent contractor with TPI. The Agreement clearly confirms that TPI does not retain sufficient control over Jackson for this Court to impose vicarious liability on it for his alleged statements or actions. Agreement at 2.

Defendants are fully aware that Jackson is an independent contractor of TPI. It was Defendant Thompson in his capacity as President of TPI in 2001 who executed the Agreement for TPI. Jackson executed the Agreement on behalf of The Jackson Group. Agreement at 2. The Counterclaim is crippled by the Agreement's express language:

> [The Jackson Group, Inc.] has no authority to bind T.P.I. to any agreement, verbal or written, including returns of any goods for any reasons, advertising allowances, and/or any charge backs whatsoever. Both T.P.I. and The Jackson Group, Inc., Representative, acknowledge that Representative is not an employee of T.P.I. but that he/she is an independent contractor.

Exhibit A at ¶ 9 (emphasis in original).

Given Jackson's undisputed status as an independent contractor, there is no basis for holding TPI vicariously liable for his alleged defamatory statements or other alleged negligent actions. In general, under Massachusetts law:

> [A]n employer of an independent contractor is not liable for harm caused to another by the independent contractor's negligence, <u>unless</u> the employer retained some control over the manner in which the work was done.

*Lyon v. Morphew*, 424 Mass. 828, 834-35, 678 N.E.2d 1306, 1310 (1997) (internal citations omitted) (emphasis added). Massachusetts looks to the Restatement (Second) of Torts to determine what amount of control is necessary to impose vicarious liability. *Id.*; *see also Herbert A. Sullivan, Inc. v. Utica Mutual Ins. Co.*, 439 Mass. 387, 407-08, 788 N.E.2d 522, 539-40 (2003). Comment c to Restatement (Second) of Torts § 414 (1965) provides that:

> There must be such retention of a right of supervision that the contractor is not entirely free to do the work his own way.

Restatement (Second) of Torts § 414, Comment c.

The Agreement provides TPI with no right of supervision over The Jackson Group and, therefore, Jackson. The Agreement permits Jackson to solicit and take orders for the sale of TPI products, and nothing more. Agreement at 1-2. He and his company are "expressly free to do the (solicitation and taking of orders) work his [its] own way." Restatement § 414, comment c. The Agreement does not give TPI the "right to control" the conduct of Jackson or any other employee of The Jackson Group in the performance of their solicitation and order taking duties for TPI. Moreover, the Agreement expressly provides that The Jackson Group has <u>no authority</u> to bind TPI to any contract or agreement, written or oral. Agreement at 2. Given the express terms of the Agreement, there is no basis for imposing vicarious liability on TPI for alleged actions of Jackson.

## CONCLUSION

The Agreement between TPI and The Jackson Group provides that The Jackson Group is an independent contractor with no authority to bind TPI to any agreement. Jackson, individually, is one step removed even from the TPI/Jackson Group relationship; he is, at best, an independent contractor of TPI. Accordingly, TPI, as a matter of law, does not have sufficient control over Jackson to be vicariously liable for his alleged defamatory statements or other alleged negligent actions. For this reason, TPI respectfully requests that the Counterclaim be dismissed with prejudice.

        **THOMPSON PRODUCTS, INC.**
        By its attorneys,


        /s/ Terence P. McCourt
        Terence P. McCourt   (BBO #555784)
        Andrew T. Kang       (BBO #637476)
        GREENBERG TRAURIG, LLP
        One International Place
        Boston, MA  02110
        Tel:  617.310.6000
        Fax:  617.310.6001

        and

        Sandy T. Tucker
        Monica McCarroll
        WILLIAMS MULLEN, A PROFESSIONAL CORPORATION
        1021 East Cary Street (23219)
        Post Office Box 1320
        Richmond, VA  23218-1320
        Tel:  804.783.6418
        Fax:  804.783.6507

DATED: November 2, 2005

7

## CERTIFICATE OF SERVICE

I, Terence P. McCourt, hereby certify that on the 2nd day of November, 2005, I served a copy of the foregoing by U.S. Mail to the following counsel of record:

Matthew F. Medeiros, Esq.
LITTLE MEDEIROS KINDER BULMAN & WHITNEY, P.C.
72 Pine Street
Providence, RI 02903

Michael S. Chinitz, Esq.
ROSE & ASSOCIATES
29 Commonwealth Avenue
Boston, MA 02110

/s/ Terence P. McCourt
Terence P. McCourt

1210049v2

# EXHIBIT A

Case 1:05-cv-11810-RGS    Document 5-3    Filed 11/02/2005    Page 1 of 3



## SALES AGREEMENT

This is an Agreement between <u>Thompson Products, Inc.</u>, hereinafter referred to as <u>T.P.I.</u> and <u>The Jackson Group, Inc.</u>, hereinafter referred to as <u>Representative</u>.

<u>T.P.I.</u> appoints <u>The Jackson Group, Inc.</u>, as Sales Representative to solicit orders for sales of Photo Storage products and to regularly service <u>T.P.I.</u> accounts within the States of Minnesota, North and South Dakota, and Wisconsin.

---

Unless specifically agreed otherwise, <u>T.P.I.</u> will pay <u>Representative</u> a commission on all shipped orders credited to this territory equal to the following: The basic commission on the sale of products is three percent (3%) on list price. All commissions will be paid on the fifteenth (15th) of every month following receipt of payment for orders shipped. For the first thirty (30) days after initial agreement, commission will be paid on orders written by previous representatives that are shipped after this agreement date. No commissions will be paid on price differentials for freight, advertising, and/or payment discounts.

All orders are to be forwarded to <u>T.P.I.</u> for acceptance at its office located at <u>310 Kenneth W. Welch Drive, Lakeville, MA   02347</u>.

<u>T.P.I.</u> reserves the right to reject any order for whatever reasons it may deem appropriate without obligation to <u>Representative</u> for commission. All orders accepted by <u>T.P.I.</u> shall be subject to its standard terms and conditions of sales. <u>T.P.I.</u> has sole authority to change any terms and conditions. The authority of <u>Representative</u> is strictly limited to the solicitation and taking or orders.

<u>Representative</u> will carry no lines competitive to <u>T.P.I.</u> lines. <u>T.P.I.</u> reserves the right to review <u>Representative's</u> other lines from time-to-time.

In the event that any customer returns merchandise for credit, <u>Representative</u> shall, on demand by <u>T.P.I.</u> refund all commissions paid on returned merchandise. Returns and/or deductions for any purpose will be deducted from commissionable sales. The provisions of this selection shall survive any termination of the Agreement.

FROM :                             FAX NO. :                          Oct. 31 2005 09:58AM  P3


**THOMPSON PRODUCTS, INC.**
Quality Products Since 1905

Page 2

The original contract went into effect as of May 15th, 1998 with revisions being made effective January 10, 2001, and remains in effect until terminated by either party giving 30 days written notice to the other. On termination, Representative shall return all samples to Thompson Products, Inc. at the request of T.P.I.

Representative has no authority to bind T.P.I. to any agreement, verbal or written, including returns of any goods for any reason, advertising allowances, and/or any charge backs whatsoever. Both T.P.I. and The Jackson Group, Inc., Representative, acknowledge that Representative is not an employee of T.P.I. but that he/she is an independent contractor.

Final acceptance of this Agreement shall be made at T.P.I. This Agreement shall be deemed a Massachusetts contract, the validity, meaning, enforcement and consequence of a breach whereof shall be governed by Massachusetts law.

Dated this 10th day of January, in the year 2001.

By: _____
Glenn Thompson, President
Thompson Products, Inc.

By: _____
Robert M. Jackson
The Jackson Group