11/23/05

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

THOMPSON PRODUCTS, INC.,       )
                               )
            Plaintiff,         )
                               )
v.                             )   C.A. No. 05-11810-RGS
                               )
GLENN THOMPSON, et al.,        )
                               )
            Defendants.        )
_____)

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION TO AMEND COMPLAINT AND TO SUBSTITUTE
SPLASH CREATIONS FOR THOMPSON ENTERPRISES, INC.**

In Plaintiff's Motion to Amend Complaint and to Substitute Splash Creations, Inc. for Thompson Enterprises, Inc., plaintiff, Thompson Products, Inc. ("TPI") has moved, first, pursuant to Rule 17 of the Federal Rules of Civil Procedure, to substitute Splash Creations, Inc. as the real party in interest in lieu of Thompson Enterprises, Inc. as the proper party defendant. TPI has also moved pursuant to Rule 15(a), for leave to file an Amended Complaint, tendered with its motion. This memorandum is submitted in support of the motion.

I.   MOTION FOR LEAVE TO AMEND COMPLAINT

A.   Facts

This case arises out of defendant Glenn Thompson's ("Thompson") July 12, 2005 termination of employment with TPI as its President and his post-termination violation of Restrictive Covenants, and other common law violations, including breach of fiduciary duties and unfair trade practices. TPI filed its Complaint on September 1, 2005, basing its allegations on the then current state of its knowledge of Thompson's unlawful conduct. Since then, however, TPI has discovered additional pre-termination unlawful conduct by Thompson, and

1

Thompson has aggressively moved to establish and began operation of Splash in direct competition with TPI. Specifically, TPI believes that Thompson has done the following, among other things:

  (a) solicited and hired away numerous TPI employees;

  (b) arranged for the manufacture in Providence, RI of competitive products and began efforts to sell such products to TPI customers;

  (c) solicited TPI's manufacturer's representatives to abandon their relationship with TPI and represent Splash with TPI customers; and

  (d) used TPI's confidential customer account numbers to contact TPI customers and solicit business for Splash.

Thompson's recent conduct confirms that he intends to steal from TPI what he could not buy. TPI's tendered Amended Complaint expands the original facts and causes of action alleged to address Thompson's recent activities.

B. <u>Points and Authorities</u>

Fed.R.Civ.P. <u>Rule 15(a)</u> mandates that leave to amend "shall be freely given when justice so requires." <u>Fed.R.Civ.P. 15(a)</u>; <u>Hatch v. Dep't for Children, Youth & Their Families, 274 F.3d 12, 19 (1st Cir.2001)</u>. TPI's proposed Amended Complaint adds counts addressing newly discovered facts and recent actions requiring redress. Justice requires that these newly found claims be pursued, that Thompson be stopped from continuing to profit from his misdeeds, and that TPI have the right to be compensated for past conduct. No prejudice will result from this timely-filed motion. No discovery has been taken and the Court's initial scheduling Conference will not occur until January 18, 2006. Therefore, leave to amend should be granted.

  II. <u>MOTION TO SUBSTITUTE SPLASH CREATIONS, INC.</u>

Soon after this lawsuit was filed, Thompson changed the name of his competing company from Thompson Enterprises, Inc. to Splash Creations, Inc.. TPI, therefore, moves the Court

pursuant to Fed.R.Civ.P. Rule 17(a) to substitute Splash Creations, Inc. for Thompson Enterprises, Inc. as the real party in interest and proper party defendant in this action.

*In re Newcare Health Corp.*, 274 B.R. 307 (Bkrtcy.D.Mass. 2002) is a similar case in which the sole amendment to the complaint was to correct a misnomer of a party. There, the Court found that no substantial prejudice would result to the substituted corporate defendants and that there was no evidence of bad faith or dilatory motive. Thus, leave to amend was allowed within the discretion of the Court. *Id.; see also Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (holding that grant or denial of leave to amend is within the discretion of the trial court).

Here, Thompson Enterprises, Inc. merely changed its corporate name to Splash Creations. There is no other change in the company. Thompson remains at the helm of Splash guiding its competitive activities to the detriment of TPI.

        **THOMPSON PRODUCTS, INC.**

        By its attorneys,

        /s/ Andrew D. Kang
        Terence P. McCourt   (BBO #555784)
        Andrew D. Kang      (BBO #637476)
        GREENBERG TRAURIG, LLP
        One International Place
        Boston, MA  02110
        Tel:  617.310.6000
        Fax: 617.310.6001
            and
        Sandy T. Tucker
        Monica McCarroll
        WILLIAMS MULLEN, A PROFESSIONAL CORPORATION
        1021 East Cary Street (23219)
        Post Office Box 1320
        Richmond, VA  23218-1320
        Tel:  804.783.6418
        Fax: 804.783.6507

DATED: November 23, 2005

## CERTIFICATE OF SERVICE

I, Andrew D. Kang, hereby certify that on the 23rd day of November, 2005, I served a copy of the foregoing by U.S. Mail to the following counsel of record:

Matthew F. Medeiros, Esq.
LITTLE MEDEIROS KINDER BULMAN & WHITNEY, P.C.
72 Pine Street
Providence, RI 02903

Michael S. Chinitz, Esq.
Lisa A. Tenerowicz, Esq.
ROSE & ASSOCIATES
29 Commonwealth Avenue
Boston, MA 02110

/s/ Andrew D. Kang
Andrew D. Kang

bos-fs1\McCourtT\177406v01\11/23/05\90594.010100

4