UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMPSON PRODUCTS, INC., a Delaware Corporation, Plaintiff, v. GLENN THOMPSON and THOMPSON ENTERPRISES, INC., Defendants. | C.A. No. 05-11810-RGS |

### DEFENDANTS' PARTIAL OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY AND CROSS MOTION FOR LEAVE TO FILE A SUR-REPLY

Pursuant to Local Rule 7.1(B) (3), Defendants Glenn Thompson and Splash, Inc. (formerly known as Thompson Enterprises, Inc.) oppose, in part, the Motion Pursuant to Local Rule 7.1(B) (3) For Leave to File Reply of Plaintiff, Thompson Products, Inc., to Defendants' Opposition to Plaintiff's Motion to Disqualify Counsel ("Plaintiff's Motion"), and seek leave to file a sur-reply as discussed below.

Defendants do not oppose Plaintiff's filing of a reply, provided that: (1) Defendants be granted leave to file a sur-reply; and (2) this Court set a schedule for the filing of the reply and sur-reply in advance of any decision, whether with or without hearing, on Plaintiff's motion to disqualify counsel, so that Defendants have a fair opportunity to respond to Plaintiff's planned new submissions.

This procedure is precisely what Defendants proposed during the parties' December 19, 2005 telephonic Rule 7.1 conference on this Motion. Defendants proposed that the parties file a joint motion with a proposed briefing schedule calling for the filing of Plaintiff's reply by no later than December 30, 2005 and the Defendants' sur-reply by

no later than January 13, 2006, so that the briefing on the motion to disqualify would be completed before this Court's Initial Scheduling Conference on January 18, 2006. This proposed schedule would have given both parties adequate time to prepare their submissions before that conference. Plaintiff's initial reaction to this proposal was favorable and Plaintiff agreed to prepare a draft motion and scheduling stipulation for Defendants' review. Instead of drafting those papers, Plaintiff reversed course, withdrew its initial consent to Defendants filing a sur-reply, and offered to file its reply brief by December 30, 2005 provided that Defendants consent to that filing. Thereafter, Plaintiff filed its present motion which is silent as to when it intends to file its reply if it is granted leave to file it.

Plaintiff's present position is unfair and unworkable. Plaintiff's Motion is grounded on promoting "full development of the record on the Motion to Disqualify, fairness to TPI, and the interest of the Court in upholding and enforcing the rules of ethics." Yet, rather than promoting a full and fair development of the record, Plaintiff now seeks unfairly to offer additional arguments, new affidavits, and other new materials in its reply without giving Defendants any opportunity to challenge them. This is precisely the appropriate case for granting leave to file a sur-reply. See Flynn v. Veazey Constr. Corp., 310 F. Supp.2d 186, 189 ( D.D.C. 2004) (collecting cases and holding that leave to file sur-reply should be granted to prevent manifest unfairness and "sandbagging" where movant raises new matters in its reply).

This Court has routinely granted parties leave to file sur-replies. See Branch v. Ernst & Young U.S., 311 F. Supp.2d 179, 181 n.3 (D. Mass. 2004) (granting leave to file a sur-reply two months after briefing on a motion was otherwise completed); In re

Fidelity/Micron Sec. Litig., 964 F. Supp. 539, 544 (D. Mass. 1997) (referencing plaintiff's sur-reply memorandum); Biogen v. Amgen Inc., 115 F. Supp.2d 139, 144 (D. Mass. 2000) (same). On an issue as important as Plaintiff's motion to disqualify counsel, if this Court should grant leave to Plaintiff to file a reply, Defendants should have a fair opportunity to respond before this Court decides, whether with or without a hearing, Plaintiff's Motion to Disqualify.

WHERFORE, Defendants respectfully request that Plaintiff's Motion be denied unless Defendants be granted leave to file a sur-reply on a schedule to be set by the Court.

>Respectfully submitted,
>
>Glenn Thompson and Splash, Inc.
>By their attorneys,
>
>_/s/ Matthew Medeiros (By mlc)_
>Matthew F. Medeiros (BBO #544915)
>LITTLE MEDEIROS KINDER BULMAN
>& WHITNEY, PC
>72 Pine Street
>Providence, RI  02903
>Tel:   (401) 272-8080
>Fax:   (401) 272-8195
>
>_/s/ Michael Chinitz_
>Michael L. Chinitz (BBO # 552915)
>Lisa A. Tenerowicz (BBO# 654188)
>ROSE & ASSOCIATES
>29 Commonwealth Ave.
>Boston, MA  02116
>Tel.:   (617) 536-0040
>Fax.:   (617) 536-4400

December 29, 2005

## Certificate of Service

      I, Michael L. Chinitz, hereby certify that on December 29, 2005, I served a true and accurate copy of the above Partial Opposition to Plaintiff's Motion for Leave to File Reply and Cross Motion for Leave to File Reply by hand to Andrew T. Kang, Esq., Greenberg Traurig, LLP, One International Place, Boston, MA 02110, and a copy was also sent via overnight mail to Sandy Tucker, Esq., Williams Mullen, A Professional Corporation, 1021 East Cary St. (23219) P.O. Box 1320, Richmond, VA 23218-1320.

_____
Michael L. Chinitz