IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMPSON PRODUCTS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CA No. 05-11810-RGS |
| | ) |
| GLENN THOMPSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION
TO STRIKE THE DECLARATION OF EMERSON TALBOT BRIDELL**

Defendants ask the Court to treat TPI's Motion for Preliminary Injunction like a summary judgment motion for purposes of evaluating its supporting declarations, but the two types of motions, and their supporting documentation, have distinct and dissimilar purposes. Preliminary injunction motions, by their very nature, are made at the beginning of a case, before discovery has taken place. They are grounded in a sense of urgency: if the other side is not stopped from doing x, irreparable harm will come to the movant. Declarations and affidavits offered in support of preliminary injunctions often are made by the moving party alone. While courts must consider the urgent nature of the proceedings when reviewing such declarations, they can counterbalance that urgency by requiring a prevailing party to post a bond before enjoining another's actions.

Summary judgment motions, on the other hand, traditionally are made at the close of discovery, when all evidence has been made available to all parties. These motions are not marked by a sense of urgency, other than to resolve a matter without proceeding to trial. Affidavits offered in support of summary judgment motions take the place of live witnesses at trial and are subject to the same evidentiary standards. Courts must consider these sworn

statements carefully in order to determine whether the evidence they offer properly supports (or undermines) the moving party's claim that there are no material facts in dispute.

TPI's Motion for Preliminary Injunction is not a summary judgment motion and should not be treated as one. Accordingly, Defendants' Motion to Strike the Declaration of Emerson Talbot Briddell should be denied.

## ARGUMENT

TPI has moved the Court to enjoin defendants Glenn Thompson ("Thompson") and his new company, Thompson Enterprises, Inc. (now known as Splash Creations, Inc.) ("Splash") from unlawfully competing against TPI while this action is pending. In support of this motion, TPI proffered the Declarations of Cameron Read ("Read") (TPI's Clerk and Secretary) and Emerson Talbot Briddell ("Briddell") (Thompson's successor as President, TPI's one-time interim Chief Executive Officer and TPI's current interim Chief Financial Officer and Chief Restructuring Officer). Defendants argue that Briddell's Declaration must be "disregarded" because it fails to satisfy the strict standard of review for affidavits set forth under FED. R. CIV. P. 56(e). This argument is utterly beside the point, as Rule 56 has no bearing on the Court's consideration of TPI's preliminary injunction motion and its supporting documents.

Contrary to Defendants' argument, the First Circuit *has* articulated requirements for evidence presented in support of preliminary injunction motions. In *Asseo v. Pan American Grain Co.*, 805 F.2d 23, 26 (1st Cir. 1986), the First Circuit held:

> Affidavits and other hearsay materials are often received in preliminary injunction proceedings. The dispositive question is *not* their classification as hearsay but whether, weighing all the attendant factors, including the need for expedition, this type of evidence was appropriate given the character and objectives of the injunctive proceeding.

(Emphasis added.) *See also CCBN.com, Inc. v. C-Call.com, Inc.*, 73 F. Supp. 2d 106, 113 (D. Mass. 1999). The "character and objectives of the injunctive proceeding" here are to determine,

at this preliminary stage, (1) whether Defendants are, in fact, unlawfully competing against TPI in violation of their restrictive covenants, and (2) whether TPI is being irreparably harmed by that breach. This determination must be made on an expedited basis to prevent the possibility of further irreparable harm to TPI.[1]

Defendants' Motion to Strike is nothing more than a roadblock intended to delay TPI's efforts to prevent further irreparable harm to its interests.[2] Defendants want the Court to "disregard" Briddell's Declaration on the grounds that he "can not possibly have any personal knowledge of any of the disputed facts or events in this case that pre-date his arrival" at TPI (which immediately followed Thompson's departure). Memorandum in Support of Defendants' Motion to Strike ("Memo") at 3. Apparently, in Defendants' myopic world, only Glenn Thompson can testify as to Glenn Thompson's actions. Fortunately, this view is not reality; otherwise, TPI would be precluded from challenging Thompson's version of events surrounding his departure and subsequent start up of Splash, and anything else for that matter.

Defendants ignore the salient point that Briddell replaced Thompson as President and was made interim Chief Executive Officer after Thompson left TPI. In this capacity, as well as in his current capacity as interim Chief Financial Officer and interim Chief Restructuring Officer, Briddell has unfettered access to TPI's business records and other company files, just as Thompson did when he ran the company. Briddell, in effect, "inherited" TPI's institutional knowledge, and armed with this knowledge, is more than qualified to testify on TPI's behalf as

---

[1] Defendants' reliance on an unreported 2001 state court decision, *UBS PaineWebber, Inc. v. Dowd*, 2001 1772856 (Mass. Super. 2001), is inappropriate and inapposite. Not only is *Dowd* of no precedential value to this Court, it is clearly confined to its facts. Justice Van Gestel's frustration with broker/brokerage disputes in general, and, more specifically, with the race to the courthouse by the brokerage to get injunctive relief before the broker is protected by industry-mandated arbitration, is almost palpable: "Being squeezed between the *Wetzel* decisions [re: injunctive relief] on the one hand and the apparent reality of NASD arbitration practice and results on the other, all in the face of the unclean hands all around, is not a position greatly appreciated by this Court." *Id.* at *1. TPI is aware of no other state or federal court that has adopted Justice Van Gestel's position that the Massachusetts summary judgment standard regarding affidavits applies to motions for preliminary injunctions as well.

[2] One need look no further than Splash's own website to discover the dilatory nature of this Motion. For example, Defendants argue that Briddell could not "possibly" have "any" personal knowledge of the location of its factories, yet the addresses of both its U.S. and China operations are displayed on its website for anyone to see.

to actions by Thompson and his company that directly have affected TPI.  In an effort to alleviate some of Defendants' concerns, however, and possibly remove this unnecessary roadblock, TPI is attaching Briddell's Supplemental Declaration, which provides additional details about the source(s) of his statements.

Like his initial Declaration, Briddell's Supplemental Declaration relies on information that he has learned from others in his capacity as an officer of the company.  Defendants argue that to the extent any part of his Declaration contains "hearsay", it should be ignored by the Court.  Under *Asseo*, however, this argument is misplaced.  Whether such testimony is "hearsay" or not is irrelevant; what is relevant is whether the evidence is "appropriate" given the "character and objectives of the injunctive proceeding." 805 F.2d at 26.  Recognizing the expedited nature of the preliminary injunction process, TPI proffered the testimony of its former President and CEO and current interim Chief Financial Officer and Chief Restructuring Officer, made under penalty of perjury, rather than attempting the Herculean task of securing sworn statements from various far-flung employees and third-parties.[3]  It is more than appropriate for the Court to consider Briddell's Declaration in order to make the determination that Defendants are violating the restrictive covenants at issue and causing TPI irreparable harm.

## CONCLUSION

The heightened scrutiny applied to supporting affidavits under the summary judgment standard of FED. R. CIV. P. 56 is not proper for purposes of deciding TPI's Motion for Preliminary Injunction.  Accordingly, TPI respectfully requests that the Court deny Defendants' Motion to Strike and award TPI such other and further relief as the Court deems necessary.

---

[3] To the extent the Court is concerned about TPI's ability to secure the necessary testimony from the various witnesses identified in Briddell's Declaration at the subsequent trial of this matter, the required injunction bond will protect Defendants.

                    THOMPSON PRODUCTS, INC.

                    By its attorneys,

/s/ Andrew D. Kang
Terence P. McCourt   (BBO #555784)
Andrew D. Kang      (BBO #637476)
GREENBERG TRAURIG, LLP
One International Place
Boston, MA 02110
Tel: 617.310.6000
Fax: 617.310.6001

        and

Sandy T. Tucker
Monica McCarroll
WILLIAMS MULLEN, A PROFESSIONAL CORPORATION
1021 East Cary Street (23219)
Post Office Box 1320
Richmond, VA 23218-1320
Tel: 804.783.6418
Fax: 804.783.6507

DATED: January 4, 2006

## CERTIFICATE OF SERVICE

I, Andrew D. Kang, hereby certify that on the 4th day of January, 2006, I served a copy of the foregoing by U.S. Mail to the following counsel of record:

Matthew F. Medeiros, Esq.
LITTLE MEDEIROS KINDER BULMAN & WHITNEY, P.C.
72 Pine Street
Providence, RI 02903

Michael S. Chinitz, Esq.
Lisa A. Tenerowicz, Esq.
ROSE & ASSOCIATES
29 Commonwealth Avenue
Boston, MA 02110

                    /s/ Andrew D. Kang
                    Andrew D. Kang

1233428v2