IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMPSON PRODUCTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CA No. 05-11810-RGS |
| ) | |
| GLENN THOMPSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS'
CROSS MOTION FOR LEAVE TO FILE A SUR-REPLY**

On November 14, 2005, Plaintiff, Thompson Products, Inc. ("TPI"), filed a Motion to Disqualify ("Motion") Matthew F. Medeiros and his firm, Little Medeiros Kinder Bulman & Whitney, P.C. (collectively, "Medeiros") as counsel for Co-Defendants Glenn Thompson ("Thompson") and his new company, Thompson Enterprises, Inc. (now Splash Creations, Inc.) that is operating in direct competition with TPI. The Motion is grounded on Medeiros's representation of "TPI" in "substantially related" litigation in the Plymouth Superior Court of Massachusetts from April 9, 2002 until January 7, 2005 ("Prior Litigation"). Support for the Motion when filed was the state court's record of a counterclaim filed by Medeiros on behalf of TPI in the Prior Litigation and the inferences of confidential communications between Medeiros and TPI flowing from it that impact the fairness of the current litigation. Medeiros's primary TPI client contact in the Prior Litigation was Thompson.

In response to the Motion, Medeiros filed an Affidavit of Thompson stating "facts" about the Prior Litigation and their communications during its course, much of which was outside the state court's record, and Medeiros filed Defendants' Opposition to Motion to Disqualify ("Opposition Memorandum") relying upon Thompson's statements in his Affidavit. Material statements of Thompson in his Affidavit, believed by remaining TPI management to be false,

suggested an investigation of the Prior Litigation beyond the state court's record. Accordingly, TPI, by current counsel, asked Medeiros for the opportunity to review his (TPI's) file from the Prior Litigation. Medeiros promptly granted the request, and counsel for TPI in this action reviewed that file on December 27, 2005. The review revealed that, as currently remaining TPI personnel suspected, material statements in the Thompson Affidavit are false and arguments made in the Opposition Memorandum that rely on those statements are, at best, misleading. Accordingly, TPI promptly asked Medeiros and co-counsel to consent to a motion granting TPI leave to file a reply to the Motion as provided in Local Rule 7.1(b)(3). Medeiros and co-counsel responded that only if TPI would consent to their right to file a sur-reply would they consent to TPI's motion for leave to file a reply. Accordingly, on December 28, 2005, TPI filed its Motion Pursuant to Local Rule 7.1(B)(3) for Leave to File Reply of Plaintiff, Thompson Products, Inc. to Defendants' Opposition to Plaintiff's Motion to Disqualify Counsel, and Medeiros/Thompson have opposed it in Defendants' Partial Opposition to Plaintiff's Motion for Leave to File Reply and Cross Motion for Leave to File a Sur-Reply ("Cross Motion"). This memorandum is filed in opposition to the Cross Motion.

The reasons TPI has moved for leave to file a reply here are as follows:

(a)  As movant on the Motion, TPI bears the burden of proof.

(b)  Based on the review of Medeiros's file from the Prior Litigation, which occurred after the Opposition Memorandum and Affidavit were filed, material "facts" stated in the Affidavit are untrue and the Opposition Memorandum, which relies on those statements, is misleading.

(c)  Local Rule 7.1(b)(3) specifically contemplates a reply in proper circumstances.

TPI opposes the Cross Motion for leave to file a sur-reply for the following reasons:

(a) Local Rule 7.1(b)(3) does not mention a sur-reply, and it would be unusual in routine motion practice if it did. The Cross Motion unjustifiably anticipates the need to respond to new matters in TPI's reply rather than assuming that TPI's reply will address "facts" and arguments made in the Affidavit and Opposition Memorandum. See, e.g. *National Football League v. Insight Telecommunications Corp.*, 158 F. Supp. 2d 124, 127 (D. Mass. 2001) (denying Motion to File Sur-Reply to the extent that party sought to expand the factual record).

(b) Medeiros and Thompson were attorney and client in the Prior Litigation and their characterizations of their own communications, or lack of them, are self-serving and suspect, given the Affidavit of Thompson already on file.

TPI respectfully requests that the Court deny the Cross Motion.

**THOMPSON PRODUCTS, INC.**

By its attorneys,

/s/ Andrew D. Kang
Terence P. McCourt   (BBO #555784)
Andrew D. Kang       (BBO #637476)
GREENBERG TRAURIG, LLP
One International Place
Boston, MA  02110
Tel: 617.310.6000
Fax: 617.310.6001

and

Sandy T. Tucker
Monica McCarroll
WILLIAMS MULLEN, A PROFESSIONAL CORPORATION
1021 East Cary Street (23219)
Post Office Box 1320
Richmond, VA  23218-1320
Tel: 804.783.6418
Fax: 804.783.6507

DATED: January 10, 2006

3

## **CERTIFICATE OF SERVICE**

I, Andrew D. Kang, hereby certify that on the 10th day of January, 2006, I served a copy of the foregoing by U.S. Mail to the following counsel of record:

| | |
|---|---|
| Matthew F. Medeiros, Esq. | Michael S. Chinitz, Esq. |
| LITTLE MEDEIROS KINDER | Lisa A. Tenerowicz, Esq. |
| BULMAN & WHITNEY, P.C. | ROSE & ASSOCIATES |
| 72 Pine Street | 29 Commonwealth Avenue |
| Providence, RI 02903 | Boston, MA 02110 |

/s/ Andrew D. Kang
Andrew D. Kang

1234146v1

4