IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMPSON PRODUCTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 05-11810-RGS |
| ) | |
| GLENN THOMPSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## FRCP 26(F) AND LOCAL RULE 16.1 JOINT STATEMENT

The parties, by counsel, in compliance with the Notice of Scheduling Conference filed on November 3, 2005, Rule 16.1 of the Local Rules of this Court and Rule 26(f) of the Federal Rules of Civil Procedure, submit the following as their FRCP 26(f) and Local Rule 16.1 Joint Statement:

A.   <u>Conference of Counsel</u>.  A conference was held by telephone at 2:00 p.m. on December 28, 2005, among the following counsel of record:

<dl>
For Plaintiff:   Sandy T. Tucker
**WILLIAMS MULLEN**
Richmond, VA

Andrew D. Kang
**GREENBERG TRAURIG, LLP**
Boston, MA

For Defendants:   Matthew F. Medeiros
**LITTLE  MEDEIROS  KINDER  BULMAN  &
WHITNEY, PC**
Providence, RI

Michael L. Chinitz
**ROSE & ASSOCIATES**
Boston, MA
</dl>

B.  <u>Rule 26(a)(1) Disclosures</u>.  The parties, by counsel, will exchange the information required by FRCP 26(a) (1) on or before January 13, 2006.

C.  <u>Scheduling Conference Agenda</u>.  Counsel submit that the following items should be addressed at the January 18, 2006 Scheduling Conference:

1. A plan for disposition of pending motions:

    (a) Motion to Dismiss the Counterclaim of Defendants (filed by Plaintiff) – BRIEFING IS COMPLETED; NO HEARING REQUESTED;

    (b) Motion to Disqualify (filed by Plaintiff);

    (c) Motion Pursuant to Local Rule 7.1(B)(3) for Leave to File Reply of Plaintiff, Thompson Products, Inc. to Defendants' Opposition to Plaintiff's Motion to Disqualify Counsel (filed by Plaintiff) (BRIEFING IS COMPLETED; NO HEARING REQUESTED) (Defendants do not oppose motion provided they have right to file a sur-reply; Plaintiff refuses to consent to Defendants' right to file sur-reply) and related Cross Motion for Leave to File Sur-Reply (BRIEFING IS COMPLETED; NO HEARING REQUESTED);

    (d) Motion for Preliminary Injunction (filed by Plaintiff) – BRIEFING IS COMPLETED; HEARING REQUESTED;

    (e) Plaintiff's Motion to Amend Complaint and to Substitute Splash Creations for Thompson Enterprises, Inc. (filed by Plaintiff) (This motion is not opposed by Defendants) – BRIEFING IS COMPLETED; NO HEARING REQUESTED; and

    (f) Defendants' Motion to Strike the Declaration of Emerson Talbott Briddell (filed by Defendants) – BRIEFING IS COMPLETED; NO HEARING REQUESTED.

2. Establish a briefing schedule for Defendants' Motion for Summary Judgment on the breach of contract claims (items1(a) below).

3.     <u>Settlement</u>.  Plaintiff tendered to defendants a written settlement proposal on January 6, 2006.  Defendants rejected the proposal on January 9.  The parties will be prepared to discuss their respective settlement positions.

4.     <u>Alternative Dispute Resolution</u>.  The parties agree that mediation could be appropriate at some later time, depending on case developments, but they further agree that mediation would not be successful now.

5.     <u>Time for Defendants to Respond to Amended Complaint</u>.  The parties agree that if the Court grants Plaintiff's Motion to Amend Complaint and to Substitute Splash Creations for Thompson Enterprises, Inc., Defendants will have such time to respond to the Amended Complaint as provided in FRCP 15, unless otherwise provided in the Court's order.

D.     <u>Proposed Pretrial Schedule</u>.

1.     <u>Discovery Plan</u>.  The parties do not agree on all aspects of a discovery plan.  Where there is disagreement, the positions of the parties are set out separately.

    (a)     <u>Subjects of Discovery</u>.

        <u>Plaintiff's Position</u>.  Plaintiff proposes that discovery should be open to all issues raised in the Amended Complaint and Counterclaim and that discovery in phases by issue is not appropriate.

        <u>Defendants' Position</u>.  Defendants believe that a dispositive motion as to the breach of contract claims will substantially reduce the scope of discovery and could result in a resolution of the entire case.  Defendants therefore propose that discovery be stayed pending resolution of that motion, which defendants are prepared to file within 15 days after the Conference.

    (b)     <u>Commencement of Discovery</u>.

<blockquote>

<u>Plaintiff's Position</u>.  Plaintiff proposes that discovery be commenced, without limitation, immediately, as provided in Local Rule 26.2(A).

<u>Defendants' Position</u>.  As stated in item 1(a) above, Defendants propose a stay of discovery pending resolution of their dispositive motion. Alternatively, if discovery is not stayed, it should be permitted only in phases, as authorized by Local Rule 26.3, especially in view of the massive initial wave of discovery that Plaintiff has given notice it intends to conduct.

</blockquote>

(c)      <u>Discovery Cut Off</u>.

<blockquote>

<u>Plaintiff's Position</u>.  Due to the number and locations of possible deponents, some of whose deposition testimony may be needed for trial, Plaintiff proposes that discovery be completed within nine (9) months after entry of the Court's scheduling order following the Scheduling Conference.

<u>Defendants' Position</u>.  Defendants believe that the number of witnesses who may need to be deposed is modest and will not present any unusual scheduling problems. Four (4) months should be adequate to complete all discovery. The delays associated with the 9-month schedule that plaintiff proposes would have an unnecessarily disruptive impact on defendants' business.

</blockquote>

(d)      <u>Number of Interrogatories</u>.  The parties agree to abide by Local Rule 26.1.

(e)      <u>Number of Requests for Admission</u>.  The parties agree to abide by Local Rule 26.1.

(f)      <u>Number of Depositions</u>.  The parties agree to abide by FRCP 30 and Local Rule 26.1.

(g)      <u>Experts</u>.

<blockquote>

<u>Plaintiff's Position</u>.  The parties do not anticipate the need for expert witnesses, but in the event any party hereafter concludes otherwise, Plaintiff shall identify all expert witnesses and produce their reports, as provided in FRCP 26(a)(2), ninety (90) days before the discovery cut-off date (provided the discovery period is nine months, as proposed

</blockquote>

by Plaintiff); Defendants shall identify expert witnesses and produce reports sixty (60) days before the discovery cut-off; and each party shall file any report supplementations no later than forty-five (45) days before the discovery cut-off date.

Defendants' Position. Defendants propose that the periods suggested by plaintiff be reduced to 60, 30 and 15 days, respectively.

(h) Dispositive Motions.

Plaintiff's Position. Plaintiff proposes that all dispositive motions be filed within sixty (60) days after the discovery cut-off date.

Defendants' Position. Defendants propose to file an initial dispositive motion as set forth in item 1(a) above. Otherwise, Defendants agree with Plaintiff's proposed schedule.

2. Proposed Schedule for the Filing of Non-Dispositive Motions.

Plaintiff's Position. Non-dispositive motions shall be filed and ruled upon as provided in Local Rule 7.1.

Defendants' Position. Defendants propose that all motions to amend or supplement the pleadings, including all motions to add parties will be filed by at least 30 days before the close of discovery.

3. Certifications of Counsel Concerning Budget. Counsel for each of the parties will separately file the certification required by paragraph (D)(3)(a) of the Notice of Scheduling Conference within ten (10) days after the Scheduling Conference.

4. Trial by Magistrate. Neither party consents to trial by a U.S. Magistrate.

| | |
|---|---|
| **THOMPSON PRODUCTS, INC.**<br><br>By its attorneys,<br><br>/s/ Andrew D. Kang<br>Terence P. McCourt  (BBO #555784)<br>Andrew D. Kang     (BBO #637476)<br>GREENBERG TRAURIG, LLP<br>One International Place<br>Boston, MA  02110<br>Tel: 617.310.6000<br>Fax: 617.310.6001<br><br>and<br><br>Sandy T. Tucker<br>Monica McCarroll<br>WILLIAMS MULLEN<br>A Professional Corporation<br>1021 East Cary Street (23219)<br>Post Office Box 1320<br>Richmond, VA  23218-1320<br>Tel: 804.783.6418<br>Fax: 804.783.6507 | **GLENN THOMPSON and<br>THOMPSON ENTERPRISES, INC.<br>(now SPLASH CREATIONS, INC.)**<br><br>By their attorneys<br><br>Matthew F. Medeiros (BBO #544915)<br>LITTLE MEDEIROS KINDER<br>BULMAN & WHITNEY, P.C.<br>72 Pine Street<br>Providence, RI  02903<br>Tel: (401) 272-8080<br>Fax: (401) 272-8195<br><br>Michael L. Chinitz (BBO #552915)<br>Lisa A. Tenerowicz (BBO #654188)<br>ROSE & ASSOCIATES<br>29 Commonwealth Avenue<br>Boston, MA  02110<br>Tel: (617) 536-0040<br>Fax: (617) 536-4400 |

1233451v3

6