UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11810-RGS

THOMPSON PRODUCTS, INC.

v.

GLENN THOMPSON, et al.

MEMORANDUM AND ORDER ON MOTION
TO DISQUALIFY

February 17, 2006

STEARNS, D.J.

"A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation." Mass. R. Prof. C. 1.9(a). Disqualification is a matter which a court should treat with great circumspection, in deference to the principle that the attorney-client relationship is not to be lightly disrupted. Adoption of Erica, 426 Mass. 55, 58 (1997). The "substantial relationship" test, which Massachusetts has adopted, requires that a party seeking disqualification show a core identity between the prior and the present representation. G.D. Mathews & Sons Corp. v. MSN Corp., 54 Mass. App. Ct. 18, 21 (2002). I am not persuaded that such an identity exists in this case. Plaintiff points to a prior action in which attorney Medeiros represented plaintiff and the present defendant in a suit brought against them by the defendant's brother. Plaintiff speculates that Medeiros must have been privy to confidential information learned from

its officers (other than Thompson himself), but offers no evidence that this was so.[1] The only alleged commonality between the two cases involves non-compete provisions of the employment agreements of the defendant and his brother. In the prior litigation, plaintiff raised the issue of the enforceability of the non-compete provisions of the brother's contract by way of a counter-claim. However, because the provisions expired almost immediately thereafter, the issue of their validity was never litigated. In this action, defendant maintains that his applicable employment agreement contained no restrictive covenants whatsoever. There is thus simply an insufficient relationship between the former and the present representation to justify the "drastic measure" of disqualification.[2] Consequently, the motion to disqualify is DENIED.

                SO ORDERED.

                /s/ Richard G. Stearns

                _____
                UNITED STATES DISTRICT JUDGE

---

[1] The materials attached to plaintiff's Reply Memorandum, which were extracted from Medeiros's litigation file, fail to demonstrate otherwise.

[2] The legal assumption on which plaintiff relies, that in the ordinary course a client is presumed to have disclosed confidential matters to its attorney and that consequently the contents of such communications need not be proved to prevail on a motion to disqualify, attaches only after a showing of a substantial relationship is made. The cases cited by plaintiff, such as Kevlik v. Goldstein, 724 F.2d 844, 851 (1st Cir. 1984), say no less as the extracts reproduced by plaintiff make clear.