**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

THOMPSON PRODUCTS, INC.,    )
a Delaware corporation,        )
           Plaintiff,    )
                 )
     v.             )    C.A. No. 05-11810-RGS
                 )
GLENN THOMPSON and      )
THOMPSON ENTERPRISES, INC.,  )
           Defendants.  )
                 )

**DEFENDANTS'  ANSWER TO AMENDED COMPLAINT,**
**AND COUNTERCLAIM**

**ANSWER**

Defendants, Glenn Thompson and Thompson Enterprises, Inc. (now named

Splash Creations, Inc.), answer the correspondingly numbered paragraphs of plaintiff

Thompson Products, Inc.'s ("TPI") Amended Complaint ("Complaint") as follows.

FIRST DEFENSE

1.      Defendants admit the allegations contained in paragraph 1 of the

Complaint.

2.      Defendants deny the allegations contained in paragraph 2 of the

Complaint, except admit that defendant Glenn Thompson lives at 330 Rumstick Road,

Barrington, Rhode Island, 02806.

3.      Defendants deny the allegations contained in paragraph 3 of the

Complaint.

4.      In response to paragraph 4 of the Complaint, Defendants admit that this

Court has diversity jurisdiction over this action but deny that plaintiff is entitled to any

relief whatsoever.

5.        Paragraph 5 of the Complaint consists of legal conclusions, as to which no response is required.

6.        In response to paragraph 6 of the Complaint, Defendants admit that an Asset Purchase Agreement was entered into on November 24, 1997, which speaks for itself.  Defendants deny the remaining allegations contained in paragraph 6 of the Complaint.

7.        In response to paragraph 7 of the Complaint, Defendants admit that Glenn Thompson was a party to the Asset Purchase Agreement dated November 24, 1997, which speaks for itself.  Defendants deny the remaining allegations contained in paragraph 7 of the Complaint.

8.-10.    In response to paragraphs 8 through 10 of the Complaint, Defendants state that the Asset Purchase Agreement speaks for itself, and they refer to that Agreement for an accurate recitation of its terms.

11.       In response to paragraph 11 of the Complaint, Defendants state that the 1998 Agreement speaks for itself, and they refer to that Agreement for an accurate recitation of its terms.

12.-16.   Defendants deny the allegations contained in paragraphs 12 through 16 of the Complaint.

17.       In response to paragraph 17 of the Complaint, Defendants admit that Glenn Thompson, James Conlon and Victor Kiarsis constituted the duly-appointed Boards of Directors of Thompson Products, Inc. and Thompson Products Holdings, Inc. as of April 2003.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17.

18.-19.    Defendants deny the allegations contained in paragraphs 18 and 19 of the Complaint.

20.    Defendants admit that a Board meeting was held on April 21, 2003, but otherwise deny the allegations contained in the first two sentences of paragraph 20 of the Complaint.  Defendants deny the allegations contained in the third sentence of paragraph 20, and further state that TPI's legal counsel, Cameron Read, was asked during that meeting whether the proposed employment agreement, if executed by Kiarsis, Conlon and Thompson, would be valid and enforceable, and he stated that it would be. Defendants deny the allegations contained in the fourth and fifth sentences of paragraph 20.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last two sentences of paragraph 20.

21.    Defendants deny the allegations contained in paragraph 21 of the Complaint.

22.    Defendants admit that Glenn Thompson did not sign the employment agreement on the day of the April 2003 Board meeting, but Defendants deny the remaining allegations contained in paragraph 22.

23.-24.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 23 and 24 of the Complaint.

25.-34.    Defendants deny the allegations contained in paragraphs 25 through 34 of the Complaint.

Count I
(Declaratory Judgment)

35.    Defendants incorporate their answers to paragraphs 1 through 34 as if stated fully herein.

36.-37.    Defendants deny the allegations contained in paragraphs 36 and 37 of the Complaint.

Defendants deny that plaintiff is entitled to any of the relief sought in its prayer for relief.

Count II
(Rescission of the 2003 Agreement)

38.    Defendants incorporate their answers to paragraphs 1 through 34 as if stated fully herein.

39.    Defendants deny the allegations contained in paragraph 39 of the Complaint.

Defendants deny that plaintiff is entitled to any of the relief sought in its prayer for relief.

Count III
(Breach of Restrictive Covenants)

40.    Defendants incorporate their answers to paragraphs 1 through 34 as if stated herein.

41.-42.    Defendants deny the allegations contained in paragraphs 41 and 42 of the Complaint.

43.-44.    In response to paragraphs 43 and 44 of the Complaint, Defendants state that the Asset Purchase Agreement and the 1998 Agreement speak for themselves, and

they refer to those Agreements for an accurate recitation of their terms.  Defendants also

deny that the alleged "2001 Agreement" ever existed.

45.-46.    Defendants deny the allegations contained in paragraphs 45 and 46 of

the Complaint.

Defendants deny that plaintiff is entitled to any of the relief sought in its prayer

for relief.

### Count IV
### (Breach of Fiduciary Duties)

47.    Defendants incorporate their answers to paragraphs 1 through 34 as if

stated herein.

48.-49.    Defendants deny the allegations contained in paragraphs 48 and 49 of

the Complaint.

Defendants deny that plaintiff is entitled to any of the relief sought in its prayer

for relief.

### Count V
### (Accounting)

50.    Defendants incorporate their answers to paragraphs 1 through 34 as if

stated fully herein.

51.-53.    Defendants deny the allegations contained in paragraphs 51 through 53

of the Complaint.

Defendants deny that plaintiff is entitled to any of the relief sought in its prayer

for relief.

## Count VI
### (Misappropriation of Trade Secrets)

54.      Defendants incorporate their answers to paragraphs 1 through 34 as if stated fully herein.

55.-56.   Defendants deny the allegations contained in paragraphs 55 and 56 of the Complaint.

Defendants deny that plaintiff is entitled to any of the relief sought in its prayer for relief.

## Count VII
### (Violation of  M.G.L. c. 93A § 11)

57.      Defendants incorporate their answers to paragraphs 1 through 34 as if stated fully herein.

58.      The allegations in paragraph 58 state a legal conclusion as to which no response is required.

59.      In response to paragraph 59 of the Complaint, Defendants admit that Splash Creations Inc. is engaged in the sale of photo albums.  Defendants deny the remaining allegations contained in paragraph 59.

60.-62.   Defendants deny the allegations contained in paragraphs 60 through 62 of the Complaint.

Defendants deny that plaintiff is entitled to any of the relief sought in its prayer for relief.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

THIRD DEFENSE

Plaintiff is estopped from asserting some or all of its claims.

FOURTH DEFENSE

Plaintiff has waived some or all of its claims.

FIFTH DEFENSE

Plaintiff ratified some or all of the conduct that it now seeks to challenge.

SIXTH DEFENSE

Plaintiff's claims in Count VII are outside the scope and reach of M.G.L. c. 93A §11, and these claims should be dismissed.

SEVENTH DEFENSE

Plaintiff's claims against defendant Glenn Thompson are barred in whole or in part by plaintiff's own articles of organization and by-laws.

EIGHTH DEFENSE

Plaintiff's claims are barred in part due to its unclean hands.

NINTH DEFENSE

Plaintiff's claims are barred in part by application of the business judgment rule and by defendant Glenn Thompson's good faith.

TENTH DEFENSE

Plaintiff's claims are barred at least in part by laches and its acquiescence to conduct and events alleged in its Complaint.

Wherefore, Defendants request that plaintiff's Complaint be dismissed and that Defendants be awarded their costs and attorneys' fees incurred in defending against plaintiff's Complaint.

7

## COUNTERCLAIM

Defendants counterclaim as follows against plaintiff.

1.      Counterclaim-plaintiff Splash Creations Inc. is a Rhode Island corporation in good standing with its principal place of business in Rhode Island.  Splash is in the business, among other things, of manufacturing, selling and importing photo albums.

2.      Counterclaim-plaintiff Glenn Thompson is a Rhode Island resident and is the President and sole shareholder of Splash.

3.      Counterclaim-defendant Thompson Products, Inc. ("TPI") is a Delaware corporation with its principal place of business in Massachusetts.  It is in the business, among other things, of manufacturing, selling and importing photo albums.

4.      TPI employs as a commission sales agent for the sale of photo albums an individual named Robert Jackson, a resident of Minnesota.  Jackson's responsibilities for TPI include calling on certain mass market merchandisers to solicit photo album orders for TPI.

5.      In or around September 2005, while communicating with a customer on behalf of TPI, Jackson made false, defamatory and disparaging statements about counterclaim-plaintiffs, including but not limited to the following:

    a)  that counterclaim-plaintiff Glenn Thompson is operating the business of counterclaim-plaintiff Splash illegally;

    b)  that counterclaim-plaintiffs will be forced to go out of business by the claims that TPI has asserted in this lawsuit;

    c)  that TPI has an enforceable non-compete agreement with counterclaim-plaintiff Glenn Thompson; and

    d)  that the customer should not do business with counterclaim-plaintiffs because this lawsuit will take years to resolve and Splash will not be

8

able to ship any product in fulfillment of any orders that the customer might place with it.

6.    At or around the time Jackson made those statements, counterclaim-plaintiffs had already had sales communications with that customer and had a reasonable expectancy of receiving photo album orders from that customer.

7.    As a result of Jackson's statements, the customer has informed counterclaim-plaintiffs that it is reluctant to do business with counterclaim-plaintiffs even though it likes counterclaim-plaintiffs' products and personnel, because it does not want to get involved in TPI's lawsuit against counterclaim-plaintiffs.

8.    TPI in all likelihood has made, or intends to make, similar statements to other prospective customers of counterclaim-plaintiffs.

### Count One
**(Tortious Interference with Prospective Advantageous Business Relationships)**

9.    Counterclaim-plaintiffs incorporate paragraphs 1 through 8 of this Counterclaim as if stated herein.

10.    TPI knew, or should have known, that counterclaim-plaintiffs had a prospective contractual relationship with the customer in question.

11.    In spite of that knowledge, TPI made the material misstatements in question as a wrongful and improper means and/or with an improper purpose of interfering with that prospective business relationship.

12.    As a consequence of TPI's tortious conduct, counterclaim-plaintiffs have been damaged and will continue to be damaged.

## Count Two
### (Defamation)

13.     Counterclaim-plaintiffs incorporate paragraphs 1 through 8 of this Counterclaim as if stated herein.

14.     TPI's statements regarding counterclaim-plaintiffs were false and defamatory.

15.     TPI knew those statements were false or failed to exercise reasonable care to determine whether they were true or false.

16.     As a consequence of TPI's tortious conduct, counterclaim-plaintiffs have been damaged and will continue to be damaged.

## Count Three
### (Lanham Act Violation)

17.     Counterclaim-plaintiffs incorporate paragraphs 1 through 8 of this Counterclaim as if stated herein.

18.     TPI's statements were intended to, and did, deceive the customers in question, for the purpose of influencing them to buy TPI's products instead of those of counterclaim-plaintiffs.

19.     Those statements constitute false advertising that is unlawful under §43 of the Lanham Act, 15 U.S.C. §1125(a).

## Prayer for Relief

WHEREFORE, counterclaim-plaintiffs request that the Court enter judgment against TPI as follows:

a)      order TPI to give an accounting of all sums it has received, will receive

or anticipates receiving from the customers in question since the date of TPI's tortious

statements;

b)      award compensatory or restitutionary damages against TPI in an

amount to be determined at trial;

c)      award punitive damages against TPI in an amount to be determined at

trial as required or allowed by law; and

d)      award such other relief, including costs and attorney's fees, as the Court

deems just and proper in the circumstances.

> GLENN THOMPSON and SPLASH
> CREATIONS, INC.
>
> By their attorneys,
>
> /s/ Matthew F. Medeiros
>
> _____
> Matthew F. Medeiros (BBO #544915)
> LITTLE MEDEIROS KINDER BULMAN &
>    WHITNEY, PC
> 72 Pine Street
> Providence, RI  02903
> Tel:    (401) 272-8080
> Fax:    (401) 272-8195
>
> /s/ Michael L. Chinitz
>
> _____
> Michael L. Chinitz (BBO # 552915)
> ROSE & ASSOCIATES
> 29 Commonwealth Avenue
> Boston, MA  02116
> Tel:    (617) 536-0040
> Fax:    (617) 536-4400

## JURY DEMAND

Counterclaim-plaintiffs demand a trial by jury of all issues so triable.

> /s/ Matthew F. Medeiros
> Matthew F. Medeiros

## Certification

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 21, 2006.

/s/ Michael L. Chinitz

_____

Michael L. Chinitz