IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMPSON PRODUCTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CA No. 05-11810-RGS |
| ) | |
| GLENN THOMPSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS'**
**MOTION FOR LEAVE TO FILE A REPLY MEMORANDUM**

Pending before the Court now is Defendants' Motion for Leave to File a Reply Memorandum in Support of Their Motion for Summary Judgment on Count III of the Amended Complaint ("Motion"), filed on Friday, March 10. Defendants have tendered to the Court with the Motion their Reply Memorandum in Support of Defendants' Motion for Summary Judgment on Count III of the Amended Complaint ("Reply Memorandum"). The Motion and Reply Memorandum comprise the latest chapter in Defendants' "bait and switch" effort to have this case decided on an undeveloped record largely controlled by them.

At the Initial Scheduling Conference held on January 18, 2006, counsel for Defendants represented to the Court that the core issue in this case was interpretation, as a matter of law, of the relevant provisions of contracts relied upon by Plaintiff ("TPI") in Count III of the Amended Complaint. Defendants proposed that before any discovery be taken, they be permitted to present that single, dispositive issue to the Court by a promptly filed motion for summary judgment. Counsel for Defendants tendered to the Court his one-page summary of the contract provisions upon which he would rely to support his suggested motion for early disposition on an undeveloped record. It was at least implied by counsel for Defendants, if not expressed, to the

Court that this unusual procedure for quick disposition was appropriate because it entailed only a presentation of the applicable contracts, from which his one-page recitation of excerpted language was taken, and legal argument as to their interpretation.

The Court agreed to counsel's request; suspended discovery, which had then just been initiated by TPI; and set a briefing and oral argument schedule for disposition of the promised motion. Defendants were given fifteen days to file their motion, and TPI, twenty for its response. Oral argument was scheduled for March 21. There was no discussion of additional briefs to be filed by either side. Moreover, there was not the slightest indication by counsel for Defendants that its Motion would present contested facts on an undeveloped record, putting TPI in the position of having to locate and develop an opposing factual record from former employees and other third parties located in different parts of the world in order to respond adequately to the Motion. By their Motion, however, Defendants did, in fact, put TPI in that position by expanding the Motion from its promised limited factual boundary to a motion that can only be fairly decided, in its present context, on a more developed factual record.

Defendants' strategy in proceeding in this manner is patently obvious. They attempt here to control disposition of the case by supplementing the contracts with the testimony of Glenn Thompson, thereby limiting the factual record beyond the contracts themselves to events or transactions as presented by Thompson, knowing that almost every person who might provide contrary testimony on the other side of these relevant events has left the employ of TPI's parent or affiliated companies. They leave TPI to fend off those portions of the Motion that extend beyond the relevant contracts and their legal interpretation by developing whatever limited factual record TPI can muster on its own in a short time period by affidavit or declaration from third parties willing to cooperate voluntarily with TPI. Defendants well know that several

former employees involved in relevant transactions will likely not cooperate with TPI; their testimony will have to be taken by deposition and their documents will have to be subpoenaed, none of which can be done at this time.

Defendants' Motion and tendered Reply Memorandum is but "the closer" for its "bait and switch" strategy—their attempt to have the last word on the Motion. No reply memorandum was proposed or agreed upon by counsel and none was contemplated or ordered by the Court when the procedure for disposition of this Motion was mapped out on January 18. Moreover, in their tendered Reply, Defendants have the audacity to focus on the inadequacies of the factual record provided by TPI in response to the Motion and assert that on the basis of Defendants' own uncontested facts, beyond the contracts themselves, the Motion should be granted.

Defendants' implementation of its "bait and switch" strategy borders on sharp practice. The Motion is the latest chapter in that strategy, and it should be denied. The Motion should be decided on the basis of the pleadings, Defendants' initial filings and TPI's opposition, as the Court directed. On the basis of that record, the Court can certainly determine on this Motion what it had reason to anticipate would be determined when it approved Defendants' request on January 18 – whether the relevant provisions of the APA and the 1998 Employment Agreement can be interpreted, as a matter of law, to conclude that Glenn Thompson is or is not bound now by the Restrictive Covenants recited in those contracts. Any other finding or ruling on this record is beyond what was promised by Defendants as the basis of this Motion, beyond what was anticipated by TPI, and beyond what was most probably anticipated by the Court on January 18.

Therefore, TPI respectfully requests that the Motion be denied and the Reply Memorandum not be considered on the Motion.

**THOMPSON PRODUCTS, INC.**

By its attorneys,

/s/ Andrew D. Kang
Terence P. McCourt   (BBO #555784)
Andrew D. Kang        (BBO #637476)
GREENBERG TRAURIG, LLP
One International Place
Boston, MA  02110
Tel:  617.310.6000
Fax:  617.310.6001

and

Sandy T. Tucker
*Admitted Pro Hac Vice*
Monica McCarroll
*Admitted Pro Hac Vice*
WILLIAMS MULLEN, A PROFESSIONAL CORPORATION
1021 East Cary Street (23219)
Post Office Box 1320
Richmond, VA  23218-1320
Tel:  804.783.6418
Fax:  804.783.6507

DATED: March 15, 2006

## CERTIFICATE OF SERVICE

I, Andrew D. Kang, hereby certify that on the 15th day of March, 2006, I served a copy of the foregoing by U.S. Mail to the following counsel of record:

Matthew F. Medeiros, Esq.
LITTLE MEDEIROS KINDER
BULMAN & WHITNEY, P.C.
72 Pine Street
Providence, RI  02903

Michael S. Chinitz, Esq.
Lisa A. Tenerowicz, Esq.
ROSE & ASSOCIATES
29 Commonwealth Avenue
Boston, MA  02116

/s/ Andrew D. Kang
Andrew D. Kang

bos-fs1\kanga\185610v01\3/15/06\90594.010100