# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

_____

THOMPSON PRODUCTS, INC.,                 )
a Delaware corporation,                  )
       Plaintiff,                  )
                                   )
     v.                             )       C.A. No. 05-11810-RGS
                                   )
GLENN THOMPSON and                       )
THOMPSON ENTERPRISES, INC.,              )
(now SPLASH CREATIONS, INC.)             )
       Defendants.                 )
_____)

## DEFENDANTS' MOTION FOR CLARIFICATION OR
## RECONSIDERATION OF MARCH 23, 2006 ORDER
## GRANTING MOTION TO DISMISS COUNTERCLAIM

Defendants move for clarification or reconsideration of a portion of the Court's

March 23, 2006 Order that respectfully appears to have been entered in error.

The full text of the Order is as follows:

> Judge Richard G. Stearns:  Electronic ORDER finding as
> moot [25] Motion to Strike "Moot in light of the
> Supplemental Declaration, granting [5] Motion to Dismiss
> "On review of the pleadings, the motion is Allowed as a
> matter of law."

The latter portion of that Order appears to grant plaintiff's motion to dismiss defendants'

counterclaim.  That ruling is inconsistent with the Court's January 18, 2006 oral ruling

<u>denying</u> that motion.  Moreover, the parties' pleadings filed thereafter reflect the belief

by all counsel of record that the motion had been denied.

On October 13, 2005, defendants filed an Amended Answer and Counterclaim.

(Doc. no. 4)  The counterclaim alleged that Robert Jackson, a commission sales agent for

plaintiff, had made false, defamatory and disparaging comments regarding defendants.  It

set forth counts for tortious interference, defamation and violation of the Lanham Act.

On November 2, 2005, plaintiff filed a Motion to Dismiss the counterclaim under Rule 12(b)(6), on the sole ground that Mr. Jackson is an independent contractor whose tortious conduct cannot be attributed to plaintiff.  (Doc. no. 5)  On November 30, 2005, defendants filed a Memorandum in Opposition based upon authorities holding that employers may be vicariously liable for the tortious acts of independent contractors, depending on the facts.  (Doc. no. 15)  Defendants argued that the facts recited in the counterclaim were sufficient to withstand a Rule 12(b)(6) motion.

On January 18, 2006, the Court held a Rule 16.1 scheduling conference.  Among other things, the Court discussed each of the then-outstanding motions.  The Court stated that plaintiff's Motion to Dismiss the counterclaim would be denied.[1]

Based upon that oral ruling, plaintiff filed its Answer to Counterclaim on January 27, 2006.[2]  (Doc. no. 37)  On February 1, 2006, plaintiff filed its (second) Amended Complaint.  (Doc. no. 39)  Defendants filed their Answer and Counterclaim (substantially identical to the original version) on February 21, 2006.  (Doc. no. 47)  Plaintiff answered that Counterclaim (for the second time) on March 7, 2006.  (Doc. no. 50)

Accordingly, all parties understood that the Court had denied (orally) the motion to dismiss.  Assuming that understanding was correct, defendants hereby move for clarification or reconsideration of the March 23, 2006 Order[3], to provide that plaintiff's Motion to Dismiss the counterclaim is denied.  Defendants provided a draft of this

---

[1]    While denying the motion to dismiss, the Court expressed the initial view that the counterclaim was "weak."

[2]    Plaintiff had no reason to reply to the counterclaim unless its Motion to Dismiss had been denied.

[3]    The first portion of that Order, denying as moot defendants' motion to strike the original Briddell Declaration in support of plaintiff's motion for preliminary injunction, is not affected by this Motion.

motion to plaintiff's counsel and asked plaintiff to join in it.  Even though plaintiff was represented by 3 attorneys at the January 18 scheduling conference, plaintiff purportedly cannot recall the court's oral ruling,[4] and plaintiff therefore has refused to join in this motion.

WHEREFORE, defendants ask that the Court grant this motion.


Respectfully submitted,

GLENN THOMPSON and
SPLASH CREATIONS INC.

By their attorneys,


/s/ Matthew F. Medeiros
Matthew F. Medeiros (BBO #544915)
LITTLE MEDEIROS KINDER BULMAN &
    WHITNEY, PC
72 Pine Street
Providence, RI  02903
Tel:   (401) 272-8080
Fax:   (401) 272-8195



/s/ Michael L. Chinitz
Michael L. Chinitz (BBO # 552915)
Lisa A. Tenerowicz (BBO # 654188)
ROSE & ASSOCIATES
29 Commonwealth Avenue
Boston, MA  02116
Tel:   (617) 536-0040
Fax:   (617) 536-4400


Dated:  March 29, 2006

---

[4]    Plaintiff's counsel was unable, when asked, to offer any explanation of why TPI replied to the counterclaim, unless its motion to dismiss had been denied.

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 29, 2006.

/s/ Michael L. Chinitz_____