IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMPSON PRODUCTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 05-11810-RGS |
| ) | |
| GLENN THOMPSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**RESPONSE TO DEFENDANTS' MOTION FOR
CLARIFICATION OR RECONSIDERATION OF MARCH 23, 2006
ORDER GRANTING MOTION TO DISMISS COUNTERCLAIM**

Defendants, by counsel, have filed a motion asking for clarification or reconsideration of the Court's March 23 electronic Order as recited in its Docket Report (the "Motion"). In the next-to-last paragraph of the Motion, counsel for Defendants take the opportunity to report to the Court on their pre-filing communication with counsel for Plaintiff asking us to join in the Motion, and they go on to infer less than forthright conduct by us in our refusal to join. Their inference is inaccurate, and their argument inappropriate. This response is filed to advise the Court accurately and completely of our position on the Motion.

First, it is not disputed that all counsel for Plaintiff who attended the Initial Scheduling Conference on January 18 understood from the Court's remarks that Plaintiff's Motion to Dismiss Defendants' Counterclaim ("Motion to Dismiss") was then being, or would be, denied. Defendants note in their Motion that even though the Court clearly recited its intent to let the Counterclaim remain, it also noted that the Counterclaim was "weak." Our notes of the conference reflect the Court's remark to counsel for Defendants that they were "off on a frolic" in pursuing the Counterclaim.

1

Second, it is undisputed that even though no order, electronic or written, was issued by the Court denying the Motion to Dismiss following the January 18 conference, we filed an Answer to Counterclaim on January 27, believing that the Court had effectively ruled on the Motion to Dismiss at the conference.

Third, it is undisputed that the Court's March 23 electronic Order was doubtless as surprising to us as it was to counsel for Defendants in light of the Court's January 18 remarks. However, upon receipt of the Court's electronic Order, we checked the Docket Report carefully to confirm our understanding that the Motion to Dismiss had been denied previously. We found no mention of the Motion to Dismiss in the 1/18/06 Docket Report entry for the scheduling conference and we found no entry of a subsequent electronic or written order denying the Motion to Dismiss. Accordingly, we assumed that the Court must have changed its mind on the Motion to Dismiss for some unknown reason that is did not choose to state, and decided to enter an order granting the Motion to Dismiss. Obviously, given the ruling, we had no intention of moving the Court for clarification of its Order, much less for reconsideration and reversal of it.

On March 27, without any prior request to us that we join in this Motion, counsel for Defendants sent to us a proposed joint motion seeking "clarification or reconsideration of the March 23, 2006 Order to provide that Plaintiff's Motion to Dismiss the Counterclaim is denied." The proposed joint motion came with a request that we consent to its filing by counsel for Defendants. We do not dispute for a minute that we refused to join in the proposed joint motion. While we certainly believed that the Court had denied, or at least clearly stated its then intent to deny, the Motion to Dismiss on January 18, we could not dismiss the possibility that the Court had since changed its mind, discovered no order in the record denying the Motion to Dismiss and entered the March 23 Order granting it with a full appreciation for the state of the record and the

Court's prior remarks. Accordingly, we advised counsel for Defendant that we would not join in the Motion.

Counsel for Defendants then filed the pending Motion which, but for footnote 1 and the next-to-last paragraph, is identical to the joint motion tendered to us for approval and execution.

Plaintiff respectfully requests that the Court's March 23 electronic Order remain in effect or that upon any clarification or reconsideration of it, the Court reaffirm its grant of the Motion to Dismiss.

**THOMPSON PRODUCTS, INC.**

By its attorneys,

/s/  Andrew D. Kang
Terence P. McCourt   (BBO #555784)
Andrew D. Kang       (BBO #637476)
GREENBERG TRAURIG, LLP
One International Place
Boston, MA  02110
Tel:  617.310.6000
Fax:  617.310.6001

      and

Sandy T. Tucker
Monica McCarroll
WILLIAMS MULLEN, A PROFESSIONAL CORPORATION
1021 East Cary Street (23219)
Post Office Box 1320
Richmond, VA  23218-1320
Tel:  804.783.6418
Fax:  804.783.6507

DATED:  March ____, 2006

3

CERTIFICATE OF SERVICE

    I, Andrew D. Kang, hereby certify that on the ____ day of _____, 2006, I served the foregoing by U.S. Mail to the following counsel of record:

>Matthew F. Medeiros, Esq.
>LITTLE MEDEIROS KINDER BULMAN & WHITNEY, P.C.
>72 Pine Street
>Providence, RI  02903
>
>Michael S. Chinitz, Esq.
>Lisa A. Tenerowicz, Esq.
>ROSE & ASSOCIATES
>29 Commonwealth Avenue
>Boston, MA  02110

>/s/ Andrew D. Kang
>    Andrew D. Kang

1267862v1