UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMPSON PRODUCTS, INC., )<br>a Delaware corporation, )<br>       Plaintiff, )<br>)<br>v. )<br>)<br>GLENN THOMPSON and )<br>THOMPSON ENTERPRISES, INC., )<br>       Defendants. )<br>) | C.A. No. 05-11810-RGS |

**DEFENDANTS' MEMORANDUM IN RESPONSE TO
APRIL 4, 2006 ORDER REGARDING DEFENDANTS' COUNTERCLAIM**

Defendants/Counterclaim-Plaintiffs Thompson Enterprises, Inc. (hereinafter "Splash")[1] and Glenn Thompson ("Thompson") submit this memorandum in response to the Court's Order dated April 4, 2006, which provided defendants the opportunity to "make some showing" that defendants' Counterclaim should not be dismissed.

By way of background, on October 13, 2005, defendants filed a Counterclaim based on specific false and disparaging statements that a commission sales representative of plaintiff had made to a prospective customer of defendants. The Counterclaim was in three Counts, for tortious interference with prospective advantageous business relationships, defamation and violation of the Lanham Act. Plaintiff filed a Rule 12(b)(6) motion to dismiss, on the sole ground that the sales representative was an independent contractor and that plaintiff could not be held vicariously liable for his statements. Defendants' opposition papers presented authorities demonstrating that plaintiff's "agency" argument was legally incorrect.

---

[1] On September 6, 2005, Thompson Enterprises, Inc. changed its corporate name to Splash Creations, Inc.

During a January 18, 2006 scheduling conference, the court stated orally that plaintiff's motion to dismiss was denied, and 10 days thereafter, plaintiff answered the Counterclaim on the merits. But on March 23, 2006, the Court entered an Order granting the motion to dismiss. Defendants promptly moved for clarification or reconsideration. Plaintiff opposed that motion, even though admitting that defendants had accurately recounted the Court's oral ruling during the status conference, and acknowledging that it too found the March 23 Order "surprising". The Court's April 4, 2006 Order recites that its March 23 Order "may have been premature" and gave defendants the opportunity to "make some showing that the claim is not a frivolous diversion, as the court is inclined to believe."

Defendants respectfully submit that the dismissal order should be vacated. Rule 12(b)(6) obligates the Court to treat the Counterclaim allegations as true, draw all reasonable inferences in Counterclaim-Plaintiffs' favor, and "determine whether the [Counterclaim], so read, limns facts sufficient to justify recovery on any cognizable theory." LaChappelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998). At this embryonic stage of the litigation, "[d]ismissal is proper only if 'it appears beyond doubt that the [claimant] can prove no set of facts in support of his claim that would entitle him to relief.'" Moss, 312 F.3d at 507 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998). Aside from its "agency" argument, plaintiff has never even contended that it can meet that rigorous standard -- neither in its original submissions in support of its motion to dismiss nor in its opposition to defendants' motion for reconsideration.

Plaintiff's agent, Robert Jackson, made the statements in question (see Counterclaim, ¶5) to a huge photo album customer, Target Corporation, to which defendants were seeking to sell their products in competition with plaintiff. Defendant Glenn Thompson already had a longstanding excellent business relationship with the buyer for Target, which Glenn reasonably anticipated would lead to continued sales for his new company, Splash. That buyer stated to Glenn that although he was enthusiastic about defendants' product offerings, he was reluctant to do business with defendants because of Mr. Jackson's statements. During the approximately 7 months since then, Target still has not placed an order with defendants, even though defendants have offered better products, at lower prices. Defendants are entitled to the opportunity to prove that the statements by plaintiff's authorized agent have caused defendants to lose business that they otherwise would have obtained from Target.

Plaintiff has never denied that those facts, if proven, establish the essential elements of claims for tortious interference, defamation or violation of the Lanham Act. Under the circumstances, the Counterclaim meets the requirements for surviving a Rule 12(b)(6) motion. Defendants therefore ask the Court to vacate its March 23 Order, and enter an order denying plaintiff's motion to dismiss.

Respectfully submitted,

GLENN THOMPSON AND
THOMPSON
ENTERPRISES, INC.

By their attorneys,


/s/ Matthew F. Medeiros
Matthew F. Medeiros (BBO #544915)
LITTLE MEDEIROS KINDER
BULMAN & WHITNEY, PC
72 Pine Street
Providence, RI  02903
Tel:  (401) 272-8080
Fax:  (401) 272-8195

/s/ Michael L. Chinitz
Michael L. Chinitz (BBO # 552915)
Lisa A. Tenerowicz (BBO # 654188)
ROSE & ASSOCIATES
29 Commonwealth Avenue
Boston, MA  02116
Tel:  (617) 536-0040
Fax:  (617) 536-4400

DATED: May 4, 2006


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system on this 4th day of May, 2006, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 4, 2006.


/s/ Michael L. Chinitz
Michael L. Chinitz