**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| THOMPSON PRODUCTS, INC., | ) | |
| a Delaware corporation, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-11810-RGS |
| | ) | |
| GLENN THOMPSON and | ) | |
| THOMPSON ENTERPRISES, INC., | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM**
**IN RESPONSE TO MAY 11, 2006 ORDER**
**REGARDING DEFENDANTS' COUNTERCLAIM**

Defendants/Counterclaim-Plaintiffs Thompson Enterprises, Inc. ("Splash")[1] and Glenn

Thompson ("Thompson") submit this Supplemental Memorandum and accompanying

Declaration of Glenn Thompson in response to the Court's Order dated May 11, 2006, which

provided defendants the opportunity to "supplement the pleadings" by providing the basis for

alleging that Robert Jackson was an agent of plaintiff, Thompson Products, Inc. ("TPI").

Defendants respectfully refer the Court to their Memorandum filed May 4, 2006, for the

pertinent procedural background, which will not be repeated here.

The accompanying Declaration sets forth the factual basis for defendants' allegation in

the Counterclaim that Jackson was an agent of TPI and that TPI is liable for his defamatory and

disparaging statements about defendants.  The Declaration recounts TPI's extensive control over

Jackson's activities on TPI's behalf; Jackson's lack of discretion in carrying out those activities;

Jackson's detailed reporting obligations to TPI; TPI's exclusive determination of the accounts on

---

[1]    On September 6, 2005, Thompson Enterprises, Inc. changed its corporate name to Splash Creations, Inc.

which Jackson was permitted to call; TPI's prohibition of Jackson's representing other vendors; Jackson's role as the only TPI representative who had regular communications with two of TPI's major customers; and the broad scope of Jackson's duties that effectively made him a sales manager for TPI.  The Declaration establishes that TPI itself represented to the outside world that Jackson's office was a "Sales Office" of TPI.  Finally, the Declaration provides the factual basis for a finding that TPI used Jackson as its agent for the specific purpose of making the defamatory and disparaging statements that underlie the Counterclaim.

Those facts satisfy the minimal requirements of the two cases that the Court cited in its May 11, 2006 Order.  Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1999) merely held that "bald assertions" and not entitled to consideration in opposition to a Rule 12(b)(6) motion.  DM Research Inc. v. College of American Pathologists, 170 F.3d 53, 56 (1st Cir. 1999) held that "conclusory allegations in a complaint, if they stand alone" are insufficient to withstand a Rule 12(b)(6) motion, but that a counterclaim "need not include evidentiary detail."

The Declaration meets those requirements by providing extensive factual support for the "agency" allegations in the Counterclaim.  Under the authorities discussed in defendants' original November 30, 1995 Memorandum in Opposition to Plaintiff's Motion to Dismiss, those facts are more than adequate to raise a genuine issue as to Jackson's status as an agent of TPI, either generally or specifically with respect to that false and defamatory statements in issue.  See, e.g. Dias v. Brigham Medical Assocs., 438 Mass. 317, 319-320, 780 N.E. 2d 447, 449 (2002); Paradoa v. CNA Ins. Co., 41 Mass.App.Ct. 651, 654, 672 N.E. 2d 127, 130 (1996); Restatement (Second) of Agency § 220.

The governing standard under Rule 12(b)(6) is that "[d]ismissal is proper only if it appears beyond doubt that the [claimant] can prove no set of facts in support of his claim that would entitle him to relief." <u>Moss v. Camp Pemigewassett, Inc.,</u> 312 F.3d 503, 507 (1st Cir. 2002). Defendants' Counterclaim, as supplemented by the Declaration, precludes any such dismissal.

Accordingly, defendants request the Court to enter an Order denying TPI's Motion to Dismiss Counterclaim.

GLENN THOMPSON AND THOMPSON
ENTERPRISES, INC.

By their attorneys,


/s/ Matthew F. Medeiros
Matthew F. Medeiros (BBO #544915)
LITTLE MEDEIROS KINDER BULMAN &
   WHITNEY, PC
72 Pine Street
Providence, RI  02903
Tel:    (401) 272-8080
Fax:    (401) 272-8195


/s/ Michael L. Chinitz
Michael L. Chinitz (BBO # 552915)
ROSE & ASSOCIATES
29 Commonwealth Avenue
Boston, MA  02116
Tel:    (617) 536-0040
Fax:    (617) 536-4400

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 30, 2006.


                      /s/ Michael L. Chinitz_____